No. 16,331.

BROWN *v.* THE OHIO AND MISSISSIPPI RAILWAY COMPANY.

NEGLIGENCE.—*Railroad.—Obstruction on Depot Platform.*—It is negligence on the part of a railroad company to place an obstruction consisting of a plank two inches thick upon a depot platform used by passengers and trainmen.

SAME.—*Brakeman.—Duty to Alight from Moving Train.—Personal Injury.*— Where a brakeman upon a freight train is required, in the discharge of his duty, to alight from the moving train while passing a station to receive orders, and does so without any negligence, but by reason of an obstructing plank nailed upon the station platform by the employer is caused to stumble and fall under the train to his injury, the employer is liable in damages.

SAME.—*Contributory Negligence.—Alighting Upon Icy Platform.*—In such case the getting off the moving train, being in the line of duty, is not negligence, even though the platform upon which the brakeman alighted was covered with sleet.

SUPREME COURT PRACTICE.—*Verdict.—Judgment Upon.—Reversal with*

Brown *v*. The Ohio and Mississippi Railway Company.

*Mandate to Enter.*—Where, after a general verdict for a plaintiff, the trial court gives judgment for the defendant upon answers to interrogatories, the Supreme Court, on appeal by the plaintiff, if it finds such answers consistent with the general verdict will not order a new trial, but will remand the case with instructions to render judgment upon the verdict.

From the Martin Circuit Court.

*B. K. Elliott, W. F. Elliott, W. K. Marshall, J. A. Zaring, M. B. Hottel* and *H. McCormick*, for appellant.

*H. D. McMullen, H. R. McMullen, J. Harmon, W. R. Gardiner, S. H. Taylor, II. Q. Houghton, J. B. Marshall, W. M. Ramsey, L. Maxwell* and *R. Ramsey*, for appellee.

HOWARD, J.—Plaintiff (appellant) filed an amended complaint in four paragraphs, charging the defendant (appellee) with negligent conduct resulting in personal injuries to himself, and demanding $51,000 damages.

Demurrers to each separate paragraph were overruled, and the case came on for trial by a jury. They found for plaintiff, assessing the damages at $10,000, but answered certain special interrogatories submitted by the court. On motion of defendant, it was given judgment on these answers. Plaintiff appeals.

In the first paragraph of his complaint, the plaintiff alleges that on November 28, 1889, his train was passing through the town of Shoals, on an up grade. Defendant requires its head or front brakeman to get off at that station for orders, while the train is in motion, and this was one of the risks he undertook by his employment. When the train slowed up so that he could get off with safety, the signal having been given that there were orders, plaintiff alighted from the train. The defendant had carelessly and negligently nailed and fastened on the platform of said depot, and as a part of the floor of the same, a plank of some two inches in thickness, which

was raised above the remainder of the floor about two inches, and constituted an obstruction thereon. Plaintiff, when he got off said moving train for orders, as aforesaid, did not see said plank so raised above the remainder of the floor of said platform, and did not know that the same was there, and after he stepped off said train and took a step or two, he caught his foot upon said plank, and by it, without fault or negligence on his part, was caused to stumble and fall, and was thrown down upon the defendant's said railroad track, and, without fault or negligence on his part, was run over by said moving train, causing the loss of both his legs and other injuries described.

After averring how he was injured, plaintiff says said accident and his injuries therefrom were wholly caused by, and the direct result of, the carelessness and negligence of defendant in constructing and repairing the floor to its said depot platform as aforesaid; and plaintiff says that his getting off said train while the same was in motion in no way or manner contributed to said accident, or to his injuries resulting therefrom; that when he got off of said train and stepped upon the platform, he alighted upon his feet safe and all right, and took several steps upon the same, when he struck the projecting plank, which caused him to fall, with results as aforesaid. Plaintiff was wholly without fault or negligence on his part, and knew nothing of the dangerous condition of said platform as above set out, and had not been warned or informed by defendant of its said condition, although defendant well knew its condition as above set out, and knew that the same was dangerous.

The second paragraph differs from the first mainly in the averment that plaintiff was required by the conductor to alight from the train in motion.

In the third paragraph it is averred that it was plain-

tiff's duty to get off the train while it was in motion, and that he did so acting in the discharge of his duty.

The fourth paragraph charges negligence in nailing the plank upon the platform, and further states that sleet and snow had fallen the night before, with which the platform was covered, and by which it was rendered slick and unsafe, and on account of the sleet and snow and plank plaintiff was injured.

The demurrers having been overruled, an answer of general denial was filed.

The jury trying the case returned the following verdict:

"We, the jury, find for the plaintiff, and assess his damages at the sum of ten thousand dollars."

With their verdict the jury returned answers to twenty-two interrogatories, requested by the appellee. These answers to interrogatories show:

(1, 2) That, at the time he was injured, the appellant was, and had been for three years and a half, a brakeman for the appellee.

(3) That when the appellant alighted from the train, and received his injuries the train was running at from ten to fifteen miles an hour.

(4) That at the time of the injury there was a custom among the brakemen on the appellee's road, to alight from the train while in motion to receive train orders, and that the appellant at the time knew of the custom.

(5, 6) That at said time there was a custom adopted by the freight conductors of the road, requiring the front brakeman to alight from moving trains to receive train orders, and that the appellant knew of such custom.

(7) That at said time there was a custom among the brakemen to alight from the train while in motion to receive train orders, and that the appellant at the time

knew of the custom, and in accordance therewith did alight from the train while in motion.

(8) That at said time there was a custom adopted by the freight conductors requiring the front brakeman to alight from a moving train to receive orders; that the appellant knew of such custom, and at the time he was injured was attempting, in accordance therewith, to alight from a moving train to receive orders.

(9, 10, 11, 12, 13) That at said time there was ice and sleet upon the platform, formed that morning; that the appellant could have known of this ice and sleet, that it was plainly to be seen by one riding on the steps of the engine, and that just before alighting he did know that it was there.

(14). That the fact that the appellant alighted from the engine while the same was in motion contributed or helped to bring about the injury complained of.

(15) That if the appellant had alighted from the train while standing still, and at the point in the platform where he did alight from the moving train, the cleat would not have caused him to fall and receive his injuries.

(16) That the fact that the appellant alighted from the engine while it was in motion, and the further fact that the platform was icy, did not contribute to or help to bring about the injury complained of.

(17) That if appellant had exercised ordinary care in alighting he could not have seen the cleat over which he stumbled.

(18) That one could see said cleat at a distance of four or five feet.

(19) That there was something to prevent appellant from seeing the cleat if he had looked in that direction.

(20) That the custom among brakemen to alight from trains to get orders, was not authorized by any printed

rules of appellee's, but arose from the habit and practice of the trainmen themselves.

(21) That at the time the appellant was injured the conductors of freight trains were required by the printed rules of the company to receive orders from the telegraph operators for the movement of their trains.

(22) The finding of the jury is upon the first three paragraphs of the complaint.

Counsel for appellee select interrogatories 14, 15 and 16, and the answers thereto, as authorizing the judgment in favor of the appellee, notwithstanding the general verdict in favor of the appellant.

The complaint alleged that the injury to the appellant resulted from the negligence of the appellee in nailing a plank or cleat two inches thick upon the platform of the depot, against which cleat the appellant, without fault on his part, stumbled and fell under the moving train.

It is negligence to lay upon an ordinary sidewalk an obstruction consisting of a plank two inches high, against which travelers may stumble. *Glantz* v. *City of South Bend*, 106 Ind. 305; *George* v. *City of Haverhill*, 110 Mass. 506.

It is greater negligence to place such an obstruction upon a depot platform, where passengers may be hastening to or from the cars, or where trainmen may be moving rapidly to execute the orders of their superiors or attend to their other duties in connection with moving trains. The only question, therefore, is, whether, under the allegations of the complaint, the appellant was guilty of contributory negligence in alighting upon the platform to receive orders from the telegraphic operators for the movement of his train.

He alleges in his complaint that he was not negligent in stepping off the moving train upon the platform to procure the train orders. He also states facts to show

that he was not negligent in so doing: The train was moving up grade as it passed the station; he was front brakeman, and the company required the front brakeman to get off for orders at that station, while the train was in motion, this being one of the risks he undertook by his employment; this duty was evidently assigned to the front brakeman so that he might get off, receive his orders, and then be ready to mount the caboose as it reached the platform at the end of the train. As he proceeded rapidly across the platform to receive his orders, he did not see the two-inch cleat, of which he knew nothing, and had received no warning from appellee, and his toe caught against the obstruction, and he was thrown headlong and rolled under the wheels of the train. The complaint shows no contributory negligence.

But it is said that the complaint alleges that his getting off the train while the same was in motion in no manner contributed to said accident or to his injuries resulting therefrom, while the answers to the 14th and 15th interrogatories show that his so alighting from the train did help to bring about the injury complained of. But, it will be observed, that the allegation in the complaint is made in connection with the question of negligence, and means, substantially, that in getting off the train as he did he was not guilty of negligence. The answers to the interrogatories are made, however, without any reference to the question of negligence. It was not meant in the complaint to say that the getting off the train had no connection with the accident, but only that the getting off under the requirements of the company bore no relation of negligence to the accident. And in the answers to the interrogatories, it was not meant to say that the act of getting off which was required of him as a duty of his service disclosed any contributory negligence in connection with the accident, but only that as

a physical fact the getting off the train necessarily helped to bring about the result. Neither in the complaint nor in the answers to the interrogatories is contributory negligence alleged or shown in the act of alighting from the train. Many acts contribute or help to bring about every accident that occurs; but it is only those acts that show negligence on the part of those concerned that the law considers.

Even if it can be said that the act of alighting from the train was a concurring cause of the accident, yet, as we have seen, this act was without negligence, being in strict obedience to the requirements of appellant's duties. But it has often been held by the courts, that if two or more causes combine to bring about an injury, and the injured party is not to blame for any of the causes, but the other party is to blame for one or more of them, then he will be liable for the result.

If, therefore, we had only the complaint to consider in connection with the answers to the fourteenth and fifteenth interrogatories, we should find no conflict. That this was the mind of the jury, we can see further by the answer to the sixteenth interrogatory, from which it appears that the alighting from the train, and the further fact that the platform was icy, did not contribute or help to bring about the injury complained of. The evident meaning of this is that the getting off the train, even upon an ice-covered platform, was not an act of negligence for the reason that in so doing the appellant was but in the exercise of his obligations to the company. The very best that could be said of those three answers to interrogatories, on the theory of the appellee, is that they are contradictory, and destroy one another, leaving all the other answers to the interrogatories in favor of the appellant. But we believe these three also can be harmonized with the remaining interrogatories and with

the complaint, as we have shown, and it is our duty to so harmonize them if it can be done.

But we have as yet said nothing of the general verdict in favor of the appellant. It is, however, the rule that no intendments are to be indulged in favor of answers to interrogatories, but that every intendment is to be indulged in favor of the general verdict. The general verdict is the deliberate and final conclusion to which the jury arrives after taking the whole case into consideration. This conclusion must not be disregarded unless the jury has also found certain facts which are in irreconcilable conflict with the general verdict. The jury has in this case found no such irreconcilable facts, but, on the contrary, a fair and reasonable interpretation of all the answers to interrogatories shows, as does the verdict itself, that the appellee was guilty of gross negligence, and that the appellant was, without his fault, and while in the diligent exercise of his duties to his employer, grievously injured for life, and rendered totally unfit to earn his daily bread.

We think that the court erred in rendering judgment for the appellee on the answers to the interrogatories propounded to the jury.

The judgment is reversed, with instructions to render judgment in favor of the appellant upon the general verdict.

Filed June 5, 1894.

### On Petition for a Rehearing.

Howard, J.—The appellee asks for a rehearing, and also for a modification of the mandate in this case. No reason is given to show that the original opinion is not correct, except such reasons as have been already held insufficient.

It is contended that on reversal the mandate should

have been to order a new trial, and not for judgment. The opinion shows that the appellant was entitled to judgment on the answers to interrogatories.   Surely the fact that there was also a general verdict in his favor does not weaken his right to judgment.

Had the general verdict been for the appellee, and a motion were made for judgment for the appellant upon the answers, notwithstanding the verdict, that motion, as we have seen, should have been sustained.   Are appellant's rights less because the verdict is for him than if it had been against him?   Should judgment be refused him solely for the reason that the general verdict of the jury is in his favor?

This case is unlike that of *Shoner* v. *Pennsylvania Co.*, 130 Ind. 170, upon which counsel rely.   In that case it was held that the general verdict involved a finding that the injured man was free from contributory negligence; and the court found that the answers to interrogatories were reconcilable with the verdict.   It does not appear that the facts found in the answers to interrogatories in that case entitled him to judgment.   The court, therefore, went as far as it was proper in ordering a new trial.

The decision there turned on the reconciling of the answers with the verdict.   Here the facts found are within the issues, show absence of contributory negligence, and of themselves entitled appellant to judgment without reference to the general verdict.

The petition and motion are overruled.

Filed September 25, 1894.