No. 1,628.

## City of Fort Wayne v. Farnan.

Interrogatories to Jury.—*Controlling General Verdict.*—Answers to interrogatories will not control the general verdict unless irreconcilable with it.

Same.—*General Verdict.*—*Contributory Negligence.*—A special finding of the jury that an ordinarily prudent person could have passed over a defective sidewalk in safety is not necessarily inconsistent with its general verdict for plaintiff, involving a finding of freedom from contributory negligence on her part.

From the Allen Superior Court.

*Colerick & France,* for appellant.

*B. F. Ninde* and *L. M. Ninde,* for appellee.

Ross, J.—The appellee recovered judgment in the court below against the appellant, for personal injuries received, which were caused by falling upon one of the

sidewalks of said city, which it is alleged was out of repair and dangerous to pedestrians.

Several specifications of error have been assigned in this court, but counsel have argued but one of them. That one calls in question the correctness of the court's ruling in overruling the motion made by appellant for judgment on the answers to interrogatories.

Answers to interrogatories will not control the general verdict unless irreconcilable with it. *Evansville, etc., R. R. Co.* v. *Weikle*, 6 Ind. App. 340; *Lake Erie and Western R. R. Co.* v. *McHenry*, 10 Ind. App. 525; *Phillips* v. *Michaels, Guard.*, 11 Ind. App. 672.

The jury by their general verdict, it must be assumed, found every fact material to appellee's cause of action in her favor, and that verdict will not be overthrown, unless, in their answers to the interrogatories, the jury have found that some material fact does not exist which was necessary to her right of recovery.

If the facts specially found in answer to the interrogatories show either that appellant was not guilty of negligence, or that appellant's own negligence contributed to her injury, then the general verdict must fall.

The duty of cities to keep their streets and sidewalks in a reasonably safe condition for the use of persons traveling thereon is well settled. *Buscher* v. *City of Lafayette*, 8 Ind. App. 590.

And it is equally well settled that a traveler is not bound to forego the use of a street or sidewalk simply because it is in a defective condition, unless it is in such a condition that by using it injury would, in all probability, result therefrom, and the person so using it had knowledge of its condition. *City of Bloomington* v. *Rogers*, 9 Ind. App. 230.

If a sidewalk is out of repair and a pedestrian using

it knows of, or can by looking see, its condition, he is bound, if he proceeds, to exercise care commensurate with the danger to be encountered. "Where the place is known to be so dangerous that it cannot be passed without great risk of injury, it is negligence to attempt to pass it." *City of Richmond* v. *Mulholland*, 116 Ind. 173.

While we do not hold that all of the interrogatories submitted to the jury called for, or that such answers were, findings of fact, yet we think the facts properly found are insufficient to overcome the general verdict.

The jury do not find that appellee was acquainted with the unsafe condition of the walk before the happening of the accident resulting in her injury, or that she might have passed over it in safety had she been reasonably careful. The contention of counsel that because the jury have found that an ordinarily prudent person could have passed over in safety, she must necessarily have been negligent or she would not have been injured, is not tenable. Some persons may have been able to pass over the walk in its unsafe condition, by the use of extraordinary care, but because other persons might pass over it safely does not imply that appellee was negligent because she was injured while attempting to pass over.

If there is any conflict between the general verdict and the answers to the interrogatories, it is not such but what the answers may be true and yet be reconciled with the general verdict.

Judgment affirmed.

Filed November 8, 1895.