## TERRE HAUTE AND INDIANAPOLIS RAILROAD COMPANY v. RITTENHOUSE.

[No. 3,687. Filed December 18, 1901. Rehearing denied April 9, 1902.]

MASTER AND SERVANT.—*Negligence.*—*Complaint.*—*Employer's Liability Act.*—Complaint avers that, while plaintiff in the line of his duty was making a coupling on a certain switch in compliance with orders from his foreman, whose orders he was bound to obey, he was injured because of the negligence of such foreman in sending, without warning, a second cut of cars into the same switch. *Held,* that the complaint stated a cause of action within subdivision 2 of §1 of the employer's liability act (§7083 Burns, 1901). *pp. 634–638.*

SAME.—*Negligence of Foreman.*—*Employer's Liability Act.*—Where an employe of a railroad or other corporation has power and authority to direct and control the work of another employe, the former must be regarded as the superior of the latter, and the negligence

of such superior employe is, under the employer's liability act, the negligence of the corporation.  *p. 640.*

TRIAL.—*Incomplete Instruction.*—The giving of an incomplete instruction is not reversible error where it is fully supplemented by other instructions given.  *p. 644.*

MASTER AND SERVANT.—*Employer's Liability Act.*—*Assumption of Risk.* —*Instruction.*—In an action for personal injuries by an employe against a railroad company, an instruction that the plaintiff did not assume the risks caused by the negligence of another employe in the service of defendant to whose orders he was bound to conform and was conforming when injured, is in the substantial language of subdivision 2 of §1 of the employer's liability act, and is not erroneous.  *p. 645.*

From Marion Superior Court; *J. L. McMaster,* Judge.

Action for damages for personal injuries by Samuel Rittenhouse against the Terre Haute and Indianapolis Railroad Company.  From a judgment for plaintiff, defendant appeals.  *Affirmed.*

*W. H. H. Miller, J. B. Elam, J. W. Fesler* and *S. D. Miller,* for appellant.

*B. K. Elliott, W. F. Elliott, F. L. Littleton* and *H. N. Spaan,* for appellee.

WILEY, J.—Appellee was a switchman employed in the yards of appellant company at Terre Haute.  He was one of a number that composed what was known and designated as a switching crew.  When engaged in the line of his duty he was injured while coupling some cars that were thrown on a switch to cars standing on such switch.  For such injury he prosecuted this action, and recovered a judgment for $5,000. His complaint is in a single paragraph, and his right to recover is bottomed upon the employer's liability act of 1893.  It is important, therefore, to look to the complaint, so as to determine from its averments if the appellee has brought himself within the provisions of that act.

It is charged that appellee was in the employ and service of appellant as a switchman, or yard brakeman, whose duty it was to switch, couple and brake cars therein, under the orders and directions of one Tim Grover, who was in the

service of appellant as foreman of the engine and crew with which appellee was employed and with which he was working when injured; that said Grover had charge of said engine and crew, and that appellee was bound to conform and did conform to his order and direction at the time; that appellee was ordered and directed by said Grover, while the latter was in charge of said engine and crew, to set the lower switch in said yard and ride one cut of freight cars into the switch track, known as the Long Branch switch, and couple them to other cars already there, and then after performing said duty to go to another track, known as number three, for the second cut of cars; that instead of sending in one cut of cars upon the Long Branch switch, as was usual and proper, and as Grover had informed appellee he would do, said Grover negligently and carelessly sent in upon said Long Branch switch, at the same time, a double cut of cars, without any warning to, or knowledge upon the part of appellee, contrary to the directions and information which the said Grover had given him; that the second cut of cars which said Grover sent in upon said Long Branch switch was the one which appellee had been informed by said Grover would be sent in on track number three; that while he was engaged in coupling the first cut of cars, already on said Long Branch switch, said Grover ordered and directed said second cut to be sent in, well knowing that appellee was engaged in the performance of the duty he had been ordered and directed to perform, and without any notice or warning to appellee the said Grover negligently caused them to strike violently and bump against those he was engaged in coupling, and drive said latter cars against those already on said switch, whereby he was injured, etc. The complaint contains the necessary averments of freedom from fault or negligence on the part of appellee. The complaint also avers that Grover was the superior of appellee, with authority to direct him, and was at the time of the injury acting in the place of and per-

forming the duty of appellant in that behalf. It is further averred that appellee in obeying his orders and directions, had a right to believe and did believe that he would be protected in so doing, and that a second cut of cars would not be sent in upon said track against those he was engaged in coupling. It is clear, therefore, that appellee's right to recover depends upon the fact as to whether he has brought himself within the provisions of the employer's liability act, for without the aid of such statute no cause of action is stated.

This cause was transferred from the Supreme Court, March 13, 1901, one day after the act of March 12, 1901, became effective. By that act the jurisdiction is in this court, unless it involves the consideration of some of the exceptions contained in §9 of the act. By that section the jurisdiction in an appealable case which involves the constitutionality of a statute, State or federal, is in the Supreme Court.

At the very threshold of the argument of counsel for appellant we are met with the proposition that the statute, the employer's liability act, is unconstitutional and invalid. We have no jurisdiction to determine this question. The Supreme Court, however, has had the constitutionality of that act under consideration in at least four cases which have come under its consideration, in each of which it held the act constitutional. *Pittsburgh, etc., R. Co.* v. *Montgomery,* 152 Ind. 1, 71 Am. St. 301; *Pittsburgh, etc., R. Co.* v. *Moore,* 152 Ind. 345, 44 L. R. A. 638; *Pittsburgh, etc., R. Co.* v. *Hosea,* 152 Ind. 412; *Indianapolis, etc., R. Co.* v. *Houlihan,* 157 Ind. 494. The Supreme Court having transferred this case to this court, we must presume that it adheres to its previous holding, and that the question now raised is put at rest.

The case was tried by a jury and resulted in a general verdict for appellee. The court submitted to the jury a number of interrogatories, and by answering the same the jury found specially as to certain facts. Appellant's motion

for judgment on the answers to interrogatories, notwithstanding the general verdict, and for a new trial, were respectively overruled. The errors assigned are that the complaint does not state facts sufficient to constitute a cause of action, and that the court erred in overruling the motions for judgment and for a new trial.

The questions thus raised may be greatly simplified by first determining whether or not the averments of the complaint are sufficient to bring it within the employer's liability act. If they are the complaint states a cause of action. Section 1 of that act, §7083 Burns1901, provides that every railroad or other corporation, except municipal, operating in this State, shall be liable for damages for personal injury suffered by any employe while in its service, the employe so injured being in the exercise of due care and diligence, in the following cases: "Second. Where such injury resulted from the negligence of any person in the service of such corporation, to whose order or direction the injured employe at the time of the injury was bound to conform and did conform."

The provisions of the act quoted are sufficient for the purpose of determining the question now under consideration. Four important facts were made prominent by the averments of the complaint, and they are: (1) That Grover was foreman of the switch yard and crew; (2) that he had authority to order and direct the movement of cars and the actions of the men employed therein; (3) that he did order and direct appellee to do the very thing he was attempting to do when he was injured, and (4) that appellee was bound to conform, and did in fact conform to the order of said foreman.

It occurs to us that it is important in handling a large number of cars at a railroad center that it is as essential to have a foreman with authority to act as in any other department. In this instance the complaint designates Grover, as foreman, in charge of the switch yard and switching crew. The crew consisted of Grover, two switchmen, of which ap-

pellee was one, and the engineer and fireman in charge of the switch engine. Grover ordered and directed the switching of cars and the movements and actions of the men under him. In obedience to the orders and directions given appellee by the foreman he was in the line of his duty and in the discharge of his obligation to appellant. We think these facts clearly bring this case within the second clause of the statute above quoted. This disposes of the question of the sufficiency of the complaint and brings us to the consideration of the motion for judgment on the answers to interrogatories.

By the general verdict the jury found every essential fact in favor of the appellee. To put it more tersely, by the general verdict the jury found in favor of appellee upon every essential averment of his complaint. Such finding determined that appellant was negligent as charged and that appellee was free from contributory negligence. These two questions being resolved in favor of appellee, it was a positive duty of the trial court to render a judgment in harmony with the general verdict, unless the answers of the jury to the interrogatories are in irreconcilable conflict with it. This proposition is so firmly grounded in our jurisprudence by an unbroken line of authorities that we refrain from citing them. Again, we must indulge all presumptions and intendments necessary to support the general verdict, while no presumptions or intendments will be indulged in support of answers to interrogatories.

The question then is, therefore, whether there is irreconcilable conflict between the general verdict and answers to interrogatories. So far as the facts specially found affect this question, they may be briefly stated as follows: That Tim Grover was foreman of the switching crew; that such crew consisted of Grover, one Berry, acting as head switchman, and appellee, acting as field or rear switchman; that one Wolfenberger, as engineer, had charge of the locomotive engine with which the switching was being done, and one

Gibson was fireman on the engine; that the duties of Grover required him to work with other switchmen; that said Grover, Berry and appellee were engaged in switching cars from track to track when appellee was hurt; that the engineer in charge of the switching engine did not have any other duties to perform except to care for his engine and act upon signals given him by Grover and the other switchmen; appellee was ordered by Grover to make a coupling, and while so engaged was injured; that Grover had furnished him a list showing what cars were to be switched and where they were to be switched; that from said list, Grover, as foreman, informed those working with him what cars were to be switched and where placed; that said Grover had authority to order the crew from one point to another. These facts, elicited by the answers to interrogatories, so far as we have been able to gather and select them from the numerous interrogatories, are the only ones that bear upon the question as to what Grover's relation to appellant was and the extent of his authority. The fact is thus established that he was foreman of the switching crew and that he had authority over appellee. It is clear to us that these facts show that Grover was superior in authority to appellee. For the purposes of this case he stood in the position of appellant, for he had authority to command, order, or direct appellee, who was under him, and it was appellee's duty to conform. We are unable to see any conflict between the facts thus specially found and the facts established by the general verdict. On the contrary, they are in perfect accord and harmony.

It is earnestly insisted that because it is specially found that Grover may have done some work similar to that done by appellee and the other yard switchman, such as setting switches and making couplings, takes the case without the provisions of the employer's liability act. It does not necessarily follow that because appellee and Grover were engaged in a common service, that appellee has not brought

himself within the provisions of that act.   It is too narrow a
view to assume the position that because Grover did perform
like services with appellee, as shown by the answers to inter-
rogatories, that he performed no other or higher duties.
There can be no doubt but he exercised authority over the
switching crew, and, so far as their duties were concerned,
they were subject to his orders and directions.   This being
true, he, while acting in that capacity, was superior to ap-
pellee.

We think the general rule under the employer's liability
act is that where one in the service of a railroad, or other
corporation, has power and authority to direct and control
the work of another employe the former must be regarded
as a superior of the latter and not a fellow servant.   In such
case the negligence of the superior is the negligence of the
corporation.   The rule under consideration is fully illus-
trated and exemplified in the case of *Peirce* v. *Van Dusen,*
24 C. C. A. 280, 78 Fed. 693.   That was an action by Van
Dusen against Peirce, receiver of the Toledo, St. Louis and
Kansas City Railroad Company to recover damages for in-
juries resulting from the alleged negligence of a superior.
Van Dusen was a switchman or yard brakeman and averred
in his complaint that he was injured through the negligence
of the conductor, who was his superior, and to whose orders
he was bound to conform and did conform.   The action was
based upon the Ohio employer's liability act.   In the course
of the opinion the court said:   "It is next contended by the
plaintiff in error that if Van Dusen was injured by the neg-
ligence of Bartley, the conductor, he is not entitled to re-
cover, for the reason that the latter was not negligent in
the performance of any duty imposed by law on the master
personally, but only in respect of the performance of work
pertaining to him and other employes in the same work.
The principal authorities cited in support of this view are
*Central R. Co.* v. *Keegan,* 160 U. S. 259, 16 Sup. Ct. 269,
40 L. Ed. 418, and *Stockmeyer* v. *Reed,* 55 Fed. 259.   If

this contention were sustained, the statute of Ohio would be deprived of all practical value, and the manifest object of the legislature in passing it would be defeated. The Keegan and Stockmeyer cases enforced the general rule that a foreman or superintendent of a body of employes doing a particular service was a fellow servant of those under him, and, consequently, the common employer was not liable to one of them for the negligence of the other. The very object of the statute before us was to prevent the application of that rule in Ohio as between a railroad company and its employes. Hence it declared that every person in the employ of a railroad company, 'having power or authority to direct or control any other employe of such company, is not a fellow servant, but the superior of such other employe.' If, by force of the statute, Bartley was not a fellow servant, but the superior, of Van Dusen, he did not become, within the meaning of the statute, a fellow servant simply because he did some work of the kind done by Van Dusen. The object of the statute was to make one to whom is committed by a railway company the authority to direct and control employes in the same service the representative, in respect of that service, of the common employer, so that his acts, within the scope of his employment, are the acts of the company, and his negligence its negligence."

This quotation from Mr. Justice Harlan is a clear exposition of the force and effect of the statute in Ohio which is in substance the same as the employer's liability act in this and other states. The manifest intention of the legislature in passing such statute was to obviate the general rule that had so long prevailed, that a foreman or superintendent of a body of employes doing a particular service was a fellow servant of those under him, and hence the master was not liable for his acts of negligence. Such statutes makes such foreman or superintendent, where they have power and

authority to direct those under them, superior, and makes their negligence the negligence of the master.

The appellant puts great reliance in the Stockmeyer and Keegan cases, but it will be observed that these cases are clearly distinguished by the Peirce-Van Dusen case. Those cases were not brought under the employer's liability act, but were common law actions. While they each announce a correct rule they are not applicable here.

The following cases are illustrative of the rule that the master, under the employer's liability act, is liable for injury to an employe where such injury results from the negligence of one to whose orders the injured party is bound to conform and does in fact conform: *Kansas City, etc., R\ Co. v. Burton,* 97 Ala. 240, 12 South. 88; *Kansas City, etc., R. Co. v. Crocker,* 95 Ala. 412, 11 South. 262; *Richmond, etc., R. Co. v. Jones,* 92 Ala. 218, 9 South. 276; *Woodward Iron Co. v. Andrews,* 114 Ala. 243, 21 South. 440; *Millward v. Midland R. Co.,* L. R. 14 Q. B. D. 68. All of these cases were brought under the employer's liability acts, and all of said acts are similar to our own. We do not need to review these authorities. It is sufficient to say that they are in harmony with the Peirce-Van Dusen case, and amply support appellee's contention that his right of action is within the employer's liability act. We have carefully examined all the authorities cited by appellant in support of its contention, and we are clearly of the opinion that they are not in conflict with the rule we have stated and which is supported by the authorities cited.

It is next contended that appellee cannot recover because of his assumption of the risk and contributory negligence. It is important, before taking up these questions for decision, to keep in mind the particular negligence charged against appellant. That negligence, as declared by the complaint, is the negligence of Grover, as foreman of the switching crew, in ordering appellee to make a coupling of a cut of cars on a certain switch, and while he was so engaged causing an-

other cut of cars to be sent in on the same switch, striking the ones he was ordered to couple.

It is true appellee was engaged in a hazardous employment and the rule is that he did assume all the risks ordinarily incident to such employment; but he did not assume extraordinary risks. He did not assume the extraordinary risk of having a second cut of cars run in on the side track where he had been sent by his superior to do some coupling, and while performing that duty and without warning have such second cut strike against the cars he was coupling. To hold under the complaint and the facts specially found that appellee assumed the risks would be to emasculate and destroy the provisions of the employer's liability act with respect to the relative duties of a superior and inferior employe of a railroad company. There is no doubt that an employe, under that act, may be guilty of such contributory negligence as will prevent a recovery for injuries, but he does not assume the risks incident to the negligence of a superintendent or other person to whose orders he was bound to conform and did conform. Reno Employ. Liab. Act, §190; *Woodward Iron Co.* v. *Andrews, supra.* Our conclusion is that appellee did not assume the risk.

Is it shown by the record that appellee was guilty of contributory negligence? If so he cannot recover. Counsel for appellant take up and discuss at great length the interrogatories and answers bearing upon the manner in which appellee performed the service he was engaged in when he was injured, and urge with much force that the facts elicited thereby show him to be guilty of such contributory negligence as will prevent his recovery. We do not deem it essential to set out in this opinion even an abstract of the facts relied upon by appellant to establish appellee's contributory negligence. A careful examination of the interrogatories and answers convinces us that they do not show such contributory negligence on the part of appellee as will preclude his recovery, nor do they contradict the general ver-

dict by which the jury declared he was free from fault. We are content to say that the facts elicited here by the answers to interrogatories are quite similar to the facts disclosed in the same manner in the case of *Lake Erie, etc., R. Co.* v. *McHenry,* 10 Ind. App. 525, and it was there held that the facts specially found could be reconciled with the general verdict, and appellee was adjudged to be free from fault. The following cases are also in point: *Brown* v. *Ohio, etc., R. Co.,* 138 Ind. 648; *Stevens* v. *City of Logansport,* 76 Ind. 498; *City of Ft. Wayne* v. *Farnan,* 13 Ind. App. 536; *Grand Rapids, etc., R. Co.* v. *Cox,* 8 Ind. App. 29. Our conclusion is that the answers to interrogatories do not show that appellee was guilty of contributory negligence, and that appellant's motion for judgment was properly overruled.

This brings us to questions presented by the motion for a new trial. The contention that the verdict is contrary to law and not sustained by sufficient evidence has been substantially disposed of by what we have already said. There is ample evidence in the record to sustain the verdict.

All the other questions discussed relate to giving and refusing to give certain instructions. Considering the instructions as a whole, they fairly state the law upon every question involved. It is urged that instruction numbered six, given by the court on its own motion, is too narrow, because it fails to state to the jury all that appellee was required to prove to entitle him to recover, in that it only told the jury that he must prove Grover's negligence as charged, and that he was without negligence on his part. This instruction, standing alone, did not sufficiently charge the jury as to all the facts appellee had to establish to entitle him to recover, but it is supplemented by other instructions upon the same subject-matter, and the jury were fully instructed upon that point. This was sufficient. *Chicago, etc., R. Co.* v. *Spilker,* 134 Ind. 380; *Craig* v. *Frazier,* 127 Ind. 286; *Lake Erie, etc., R. Co.* v. *McHenry,* 10 Ind. App. 525; *Wabash, etc., R. Co.* v. *Morgan,* 132 Ind. 430; *Lake Erie, etc.,*

R. Co. v. Carson, 4 Ind. App. 185; Union Mutual Life Ins. Co. v. Buchanan, 100 Ind. 63; Mendenhall v. Stewart, 18 Ind. App. 262.

Instruction seven is also complained of. This instruction was directed to the question of the risks assumed by appellee while in the service of appellant. By it the jury were told that appellee assumed the risk of the service ordinarily incident thereto, and such risks as were known to him or ought to have been known by the exercise of reasonable care; but that he did not assume risks caused by the negligence of an employe in the service of appellant, to whose orders he was bound to conform, and in fact did conform and was conforming when injured. This was a correct statement of the law. It is urged that the instruction is erroneous, because it fails to state to the jury that the employe, to whose orders appellee was bound to conform, etc., was his superior. This instruction is substantially in the language of subdivision two of the statute. True, more apt language might have been used by the court in expressing the law. The court used the word "employe" to designate the person to whose order appellee was bound to conform, and did conform, and did not refer to him as a superior. The statute itself—subdivision two—does not use the word "superior", but the language is, "Any person in the service of such corporation, to whose order or direction the injured employe  *  *  * was bound to conform, and did conform." We are unable to see any substantial objection to this instruction.

There was no error in refusing the instructions tendered by appellant, for the reason that those which correctly stated the law, were substantially covered by other instructions given.

We do not find any reversible error in the record, and the judgment is affirmed.