## CHICAGO AND ERIE RAILROAD COMPANY v. LAIN.

[No. 22,031. Filed January 13, 1914. Rehearing denied April 1, 1914.]

1. MASTER AND SERVANT.—*Injuries to Servant.—Liability.—Negligence of Superior Servant.—Complaint.*—A complaint based on the second subd. of §1 of the Employers Liability Act of 1893, §8017 Burns 1908, Acts 1893 p. 294, §1, alleging that plaintiff was directed by defendant's foreman to move a car on a switch track, that in obedience to such order he placed himself behind the car, with his back toward another car immediately behind him, that such foreman knew of the position so taken by him, and that such position would become a place of danger if other cars were allowed to be pushed against the one standing at his back, and that while so at work, and under the immediate supervision of such foreman in a position where he could not see or know what was occurring behind him and could not hear the approach of cars on such track, all of which was known to such foreman, such foreman negligently and without warning permitted cars to be pushed against the one at plaintiff's back, thereby injuring plaintiff, sufficiently stated a cause of action in plaintiff's favor. pp. 390, 392, 394.

2. MASTER AND SERVANT.—*Injuries to Servant.—Liability.—Negligence of Superior Servant.*—Under the second subd. of §8017 Burns 1908, Acts 1893 p. 294, §1, making every railroad or other corporation, except municipal, liable for personal injuries to any employe resulting from the negligence of any person in its service to whose order or direction the injured employe was bound to and

did conform, it is not essential to liability that the order to which
the injured employe was bound to and did conform was in itself
negligent. p. 391.

3. MASTER AND SERVANT.—*Injuries to Servant.—Contributory Negligence.—Assumption of Risk.*—Under a complaint showing that
plaintiff was directed by his foreman to move a car on a switch
track, and in the presence and under the immediate supervision
of such foreman, who knew of his position and of the danger,
went between such car and another car and was injured when
cars were pushed against the one behind him without warning,
and showing that the position taken by him was not dangerous
of itself and became so only because of the foreman's failure to
warn him, plaintiff was not bound to anticipate the foreman's
failure to exercise ordinary care to prevent the position from becoming dangerous, and cannot be held to have been negligent nor
to have assumed the risk. p. 393.

4. MASTER AND SERVANT.—*Injuries to Servant.—Liability.—Employers Liability Act.*—A "yard and bridge man" employed by a
railroad company, who as such was ordered to move a car on
defendant's switch track and while doing so was injured by the
movement of an engine and other cars on the same track, is within the application of subd. 2 of §1 of the Employers Liability
Act of 1893 (§8017 Burns 1908, Acts 1893 p. 294), making railroad companies liable for injuries incurred by employes through
the negligence of any person in their service to whose order such
injured employe was bound to and did conform, since it is not
essential to a cause of action under that statute that the injured employe should have been in some way connected with the
movement of trains, but a liability exists if the performance of
his duties brought him into a situation where he was exposed to
dangers and perils flowing from such operation and movement.
p. 394.

5. MASTER AND SERVANT.—*Injuries to Servant.—Trail.—Verdict.—
Answers to Interrogatories.*—In an action for personal injuries
by a railroad employe on a complaint charging that plaintiff,
pursuant to an order of his foreman to move a car on a switch
track, went between such car and another car to perform the
work, and was injured by cars being pushed against the car behind him without warning, and showing that the position taken by
plaintiff was not dangerous of itself and became so only because
of the foreman's failure to warn him, a verdict for plaintiff is a
finding that the essential averments of the complaint were proven,
and answers to interrogatories that follow the averments of the
complaint, and also show that plaintiff in attempting to move the
car followed the method usually employed, are not inconsistent
with the verdict and do not establish contributory negligence or
assumption of risk. p. 395.

6. MASTER AND SERVANT.—*Injuries to Servant.*—*Liability.*—*Negligence of Superior Servant.*—Under §8017, subd. 2, Burns 1908, Acts 1893 p. 294, §1, making railroad corporations liable for injuries to employes resulting from the negligence of persons in their service to whose order or direction the injured employe was bound to and did conform, where a servant is installed as the superior of others, with power to direct and supervise the latter in the performance of their duties in the master's service, and to exact obedience, such superior servant stands in the place of the master and is not to be regarded as a fellow servant.    p. 396.

7. APPEAL.—*Review.*—*Harmless Error.*—*Misconduct of Counsel.*—Alleged misconduct of plaintiff's counsel in argument to the jury will not work a reversal where it appears that in so far as the matter complained of went beyond the record the jury was instructed that it should not be considered, and it further appears that the amount of the verdict was not fully compensatory.    p. 397.

8. MASTER AND SERVANT.—*Injuries to Servant.*—*Instructions.*—An instruction, on the subject of contributory negligence, stating that the verdict should be for plaintiff if the material allegations of his complaint were proved by a preponderance of the evidence, unless the jury further found by a preponderance of the evidence that plaintiff was guilty of contributory negligence, was not erroneous for omitting to state that proof of nonassumption of the risk was one of the elements essential to plaintiff's action, since the instruction did not attempt to enumerate all the elements essential to recovery on the complaint, and the element of plaintiff's nonassumption of the risk, if involved at all, was necessarily embraced in the requirement that all the material allegations of the complaint must be proved.    p. 397.

9. MASTER AND SERVANT.—*Injuries to Servant.*—*Liability.*—*Assumption of Risk.*—In an action under §8017, subd. 2, Burns 1908, Acts 1893 p. 294, §1, making railroad companies liable to employes for injuries resulting from the negligence of any person in their service to whose order or direction the injured employe was bound to and did conform, assumption of the risk is not involved and that question cannot arise.    p. 398.

10. APPEAL.—*Review.*—*Instructions.*—*Cure of Error by Other Instructions.*—Error, if any, in an instruction on the subject of contributory negligence in the omission of the question of assumption of risk, was cured where the instruction was supplemented by another correctly defining the law of assumption of risk as an obstruction to a recovery.    p. 398.

11. MASTER AND SERVANT.—*Injuries to Servant.*—*Instructions.*—In an action for personal injuries, based on §8017, subd. 2, Burns 1908, Acts 1893 p. 294, §1, making railroad companies liable to

employes for injuries resulting from the negligence of any person in their service to whose order or direction the injured employe was bound to and did conform, an instruction that in considering whether the person giving the order was one to whose orders plaintiff was bound to conform, it is proper to consider all the facts and circumstances tending to show the existence or extent of any authority he may have assumed, if he did assume any, that the fact as to his authority is not evidenced alone by any rank or title assumed or given, nor by the fact that no rank or title was conferred upon him, and that it is not essential that authority should have been conferred upon him in any particular form, is not objectionable as assuming that authority was conferred or that some rank or title was assumed by such person. p. 398.

**12.** Appeal.—*Review.*—*Harmless Error.*—*Refusal of Instructions.* —The refusal of requested instructions is not error, where, in so far as they were correct, they were fairly covered by others given. p. 399.

From Fulton Circuit Court; *Harley A. Logan,* Special Judge.

Action by Henry Leroy Lain against the Chicago and Erie Railroad Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*W. O. Johnson, W. M. Johnson, George W. Holman* and *Ulric Z. Wiley,* for appellant.

*Simon Bybee, F. M. Trissal* and *Conner & Burson,* for appellee.

Cox, J.—This appeal involves a claim of numerous judicial errors in the trial of an action to recover damages for personal injuries, which resulted in a verdict and judgment for appellee. This is the second appeal in the case, a former judgment having been reversed by this court for error of the trial court in overruling appellant's demurrer to the complaint. *Chicago, etc., R. Co.* v. *Lain* (1908), 170 Ind. 84, 83 N. E. 632. On reversal the complaint was amended and, so amended, the cause went to trial and judgment on it, after appellant's demurrer thereto had been overruled.

The first in order of the errors assigned is the action of

the trial court in overruling the demurrer to the amended complaint. This complaint was in one paragraph, 1. and sought to charge a liability under the provisions of the second subd. of §1 of the Employers Liability Act of 1893 (Acts 1893 p. 294, §8017 Burns 1908). It is provided by that statute that every railroad corporation in this State shall be liable for damages for personal injury suffered by any employe while in its service, the employe so injured being in the exercise of due care and diligence, "where such injury resulted from the negligence of any person in the service of such corporation, to whose order or direction the injured employe at the time of his injury was bound to conform, and did conform." Counsel for appellant assail the complaint by a long and labored contention that the amendment made no material change in its essential averments and that, measuring it by the law as declared on the former appeal, it must again be held insufficient to state a cause of action. This assault must be fruitless. On the former appeal there were three paragraphs of complaint before the court for consideration. Only one of these, the first paragraph, was based on the above statute and what was said in the opinion of the court in relation to the others is in no wise involved in this appeal. What the court decided in considering objections then made to the first paragraph is not obscure or hidden. It requires no particularly fine dissection of the opinion to determine what was decided in holding it insufficient. The final analysis discloses that the court held that the first paragraph did not aver that the order given appellee by the foreman was in itself negligent and that it did not allege facts from which the court could say that it was negligent. This being so it was held that other facts were necessary to show that appellee was imperiled, and his injuries caused by some violation of duty by the superior servant to provide for his safety while carrying out the order given him. The failure of that pleading in this respect was pointed out by the opinion of the court,

when it was stated that it was not averred that the foreman knew that in conforming to the order the appellee had assumed a dangerous position, or, that a compliance with it required him to assume such a position, nor facts from which it could be said the foreman should have had such knowledge; that facts were not averred to show that appellee was in a place where it would be dangerous to him for the foreman to send, or permit, another car to come on the switch track. This being so, it was held that unless the foreman knew, or under the facts and circumstances ought, in the exercise of ordinary care, to have known, that appellee was in a place where he would be injured if the car was run onto the switch track, he violated no duty he owed to appellee in permitting or directing another car to be thrown upon the track or in failing to take precautions to prevent it. Nothing more is decided than this. The defects which were found in the first paragraph of the complaint on the first appeal have been cured in the amended complaint before us by specific allegations of all the necessary facts pointed out as lacking in the former complaint and it must be deemed sufficient.

It seems to be the position of counsel for appellant that a cause of action could not arise from the second subd. of §8017, *supra*, above set out, unless the order given
2. by the superior servant was in itself negligent; and this is their interpretation of the opinion of the court on the former appeal. This is not the law and the former decision of this court in the case may not fairly be so construed. An order need not be negligent in itself, to authorize a recovery under this statute—it is enough if injury occurs to the employe while carrying it out, through the negligent act or omission of the superior servant who has, being authorized, given it, the injured employe himself being in the exercise of due care. *Richey* v. *Cleveland, etc., R. Co.* (1911), 176 Ind. 542, 96 N. E. 694, 47 L. R. A. (N. S.) 121, and cases there cited. The rule is thus stated

in 5 Labatt, Master and Servant (2d ed.) §1699: "The negligence for which the master is required to answer under .this provision of the statutes may be either in regard to the order to which the plaintiff conformed, or in regard to some subsequent act or omission of the directing employe. In either case the question is simply as to what would have been the conduct of a prudent person under the given circumstances." See, also, 5 Labatt, Master and Servant (2d ed.) §1693.

The amended complaint, with other formal and necessary averments showing the relationship of appellee and the foreman to each other and of both to appellant and other material facts, contained the following allegations:

1. "That in obedience to the order and direction of the said foreman, the plaintiff went to the place where he was so ordered to go and placed himself behind the car he was so ordered to move, and with his back toward another car standing immediately behind him on said track, as ordered by said Eggleston, who at the time was present and knew and was informed as to the position so taken by the plaintiff in order to do the work so assigned him. Said plaintiff further avers that the position so taken by him as aforesaid, in order to push the car to the place ordered and directed, would be rendered and become a place of danger should other cars be allowed to go on said switch track and be run or pushed against the car standing at the plaintiff's back, while so engaged at his said work, all of which facts the said Eggleston, foreman as aforesaid, then and there well knew; that while the plaintiff was so at work in pushing said car as directed by said foreman, and in his presence and under his immediate supervision, and in a place and position where he could not and did not see or know what was occurring behind him by reason of the car standing on the track immediately behind him, and where he did not and could not hear the approach of cars coming on said track immediately behind him by reason of the sounding

of locomotive whistles, the ringing of bells and noises inci-
dent to the moving of cars on said defendant's railroad and
switch tracks, all of which said facts and conditions were
then and there well known to said foreman, who negligently
and carelessly and without warning to the plaintiff per-
mitted a locomotive engine belonging to the defendant and
operated in said switch yard by its agents and servants, to
come into said switch track at a high rate of speed, pushing
cars thereto attached and carelessly and negligently allowed
the defendant's employes in charge of said locomotive engine
to force the cars thereto attached to run at a high rate of
speed and with great force against the car standing at plain-
tiff's back, forcing said car against and upon the plaintiff,
striking him in the back and by its weight and force crush-
ing him between it and the car he was pushing." Under
these averments the directing employe was so manifestly
bound, in conducting himself as a prudent person would,
to exercise care to prevent the car behind appellee from
being forced upon him by other cars being run upon the
track against it, that the failure to do so was a most glaring
violation of duty.

It is also contended by counsel that the complaint shows
that appellee in complying with the order to move the car,
took a dangerous position at its end with his back to
3. a car away from which the former was to be moved,
and that he was, therefore, guilty of contributory
negligence and assumed the risk of injury from the latter
being forced against him by other cars being run upon the
switch. This position does not demand extended considera-
tion. Under the allegations of the complaint the position
taken by appellee was not of itself dangerous and could
only become so by a violation of duty on the part of the
foreman and he was not bound, in the exercise of due care,
to anticipate that the foreman who was, under the aver-
ments of the complaint, present and acting for the master
would violate the duty to exercise ordinary care to prevent

his position from becoming a dangerous one. *Terre Haute, etc., R. Co.* v. *Rittenhouse* (1902), 28 Ind. App. 633, 62 N. E. 275; *Pittsburgh, etc., R. Co.* v. *Nicholas* (1906), 165 Ind. 679, 76 N. E. 522.

Finally it is claimed by counsel that the complaint affirmatively shows that appellee was a carpenter and not an employe engaged in the operation of trains, and that, 4. for that reason, he cannot come within the provisions of the statute which is invoked to establish his cause of action. It is not averred in the complaint that appellee was employed and working as a carpenter, but, on the contrary, it is averred that he was one of the appellant's "yard and bridge men"; that as such, he was ordered to move a car on one of the tracks of appellant's switch yard and that while doing this, he was injured by the movement of other cars and an engine in the yard and on that track. This obviously brings appellee within the application of the statute within the rule laid down in *Indianapolis Traction, etc., Co.* v. *Kinney* (1909), 171 Ind. 612, 85 N. E. 954, where it was said on page 617: "we do not mean that it is essential to the bringing of an employe within the statute that he should be connected in some way with the movement of trains, but it seems sufficient if the performance of his duties brings him into a situation where he is, without fault, exposed to the dangers and perils flowing from such operation and movement, and is by reason thereof injured by the negligence of a fellow servant described in the act." See, also, *Richey* v. *Cleveland, etc., R. Co., supra,* 557. The opinion of the Appellate Court in *Terre Haute, etc.,* 1. *R. Co.* v. *Rittenhouse, supra,* fairly meets all objections now urged to the complaint before us save only the one last discussed. The material facts involved in the two cases are much alike and the complaint there correctly held sufficient to state a cause of action under the statute here involved lacks something of the full and clear averments of the complaint now before us.

Answers to many interrogatories were returned by the jury with its general verdict.  Appellant unsuccessfully moved for judgment in its favor on these answers, notwithstanding the general verdict for appellee. The denial of this motion is urged as error.  The propositions or points stated by counsel for appellant under the heading of this alleged error are little more than abstract legal propositions fortified by the citation of authorities, but we are able to gather from them that counsel claim that as they show that appellee went between the car he was helping to move and the one behind him instead of pushing or pinching the former from the side, he was guilty of negligence which contributed to his injury and assumed the risk of injury by the latter car being forced against him by other cars being run upon the track against it.  These propositions or points involve no definite claim of inconsistency between the answers and the general verdict other than this. We have held the complaint sufficient and the general verdict necessarily found that its essential averments had been proven.  The answers establish no fact sufficient to overthrow the general verdict.  On the contrary, on the questions under consideration, they follow the averments of the complaint with rather close fidelity and add the important fact that the car was moved in the method usually employed. What has been said on the questions of assumption of risk and contributory negligence in considering the complaint is applicable to this specification of error.

Under the assignment that the court erred in overruling appellant's motion for a new trial, it is claimed that the evidence is insufficient in fact and in law to sustain the verdict.  In that part of appellant's brief devoted to points and authorities the sufficiency of the evidence is assailed in three particulars and none other, namely:  (1) that it fails to show that the directing employe was acting for the master as a vice principal but, on the contrary, shows that he was a fellow servant of appellee; (2) that it does not

establish a duty and a violation of it which caused appellee's
injury; (3) that it shows that appellee by the position he
took assumed the risk of injury and negligently contributed
to his own hurt. As applicable to the first of these
6. questions, it was said by this court in *Indianapolis
St. R. Co.* v. *Kane* (1907), 169 Ind. 25, 31, 80 N. E.
841, 81 N. E. 721: "The essence of the statute is that when
the master installs one of his servants as the superior of
others, with power to direct and supervise the latter in the
performance of their duties in the master's service, and
with the power to exact obedience, such superior, while exer-
cising the power of command, and ordering workmen into
places where they might not voluntarily go, or when order-
ing them to perform a work in a particular place  *  *  *
or in accordance with his arbitrary commands, in giving
such working orders to his fellow servants, stands in the
shoes of the master." In *Louisville, etc., R. Co.* v. *Wagner*
(1899), 153 Ind. 420, 53 N. E. 927, it was said that the
test of liability so far as this question was concerned was
whether the offending servant was clothed by the employer
with authority to give orders to the injured servant that
the latter was bound to obey. In *Terre Haute, etc., R. Co.*
v. *Rittenhouse, supra,* it was said on page 640: "We think
the general rule under the Employer's Liability Act is that
where one in the service of a railroad,  *  *  *  has power
and authority to direct and control the work of another
employe the former must be regarded as a superior of the
latter and not a fellow servant." The evidence in the case
before us unequivocally brings it within these declarations.
See, also, *Thacker* v. *Chicago, etc., R. Co.* (1902), 159 Ind.
82, 64 N. E. 605, 59 L. R. A. 792; *Richey* v. *Cleveland, etc.,
R. Co., supra;* 2 Thornton, Negligence §1661 and cases cited.

As to the other objections to the sufficiency of the evi-
dence, what we have said in discussing the sufficiency of the
complaint, and the general statement that the evidence fully
warranted the jury in finding that appellee had been injured

by a violation of a duty which appellant owed him and did not by his own negligence contribute thereto, must serve to determine them to be without material force.

Among the causes assigned for a new trial and now depended on for reversal was the alleged misconduct of counsel for appellee in the argument of the cause to the jury. In so far as the matter complained of went beyond the scope of permissible argument the jury was properly instructed by the court that it should not be considered and in no manner taken into consideration by the jury. There is no pretense that the amount awarded by the jury is excessive, or that it was augmented at all by the statements claimed to be improper. It, in fact, seems to fall far short of being fully compensatory. We think it quite clear that appellant was not harmed in any event whether error was committed and therefore there is nothing available for reversal in this alleged error.

7.

Appellant's brief directs propositions claiming error in each instance against the action of the trial court in giving to the jury instruction No. 3 which was given by the court on its own motion and instructions Nos. 2 and 4 which were given at the request of appellee, and in refusing to give a peremptory instruction to find for appellant, and instructions Nos. 9, 10, 12, 14, 15 and 16 tendered by appellant.

Instruction No. 3 was addressed in the main to the question of contributory negligence; defining it, the burden of proving it and how that burden might be discharged, and in these particulars it is not assailed. It closed with the statement that if the jury should "find in this case that all of the material allegations in plaintiff's complaint have been proven by a preponderance of the evidence, then your verdict should be for the plaintiff, unless you further find that it has been proven by a preponderance of the evidence that plaintiff was guilty of negligence that materially tended to bring about the injuries complained of." It is claimed that this instruction was defective in

8.

that it omitted proof that appellee did not assume the risk as one of the elements necessary to his cause of action. The instruction did not attempt to enumerate in detail all of the various facts essential to a recovery upon the complaint. The proof of the material allegations of the complaint necessarily involved proof of appellee's nonassumption of risk, if that question was involved at all, and such an instruction as that before us would not be erroneous. *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1907), 168 Ind. 438, 459, 78 N. E. 1033; *Southern Ind. R. Co.* v. *Peyton* (1902), 157 Ind. 690, 700, 61 N. E. 722. But it has been correctly held that in an action under the statute assumption of risk is not involved and could not arise. *Cleveland, etc., R. Co.* v. *Gossett* (1909), 172 Ind. 525, 87 N. E. 723, and cases cited. Appellee did not, under the statute, assume the risk of the negligence of the directing servant and, assuming that the question of assumption of risk was in any way involved in the case, this instruction was supplemented by one tendered by appellant and given by the court which correctly defined the law of assumption of risk as an obstruction to a recovery and appellant was manifestly not harmed. *Terre Haute, etc., R. Co.* v. *Rittenhouse, supra; Indiana Union Traction Co.* v. *Jacobs* (1906), 167 Ind. 85, 78 N. E. 325.

Instruction No. 2 given by the court at the request of appellee was as follows: "In considering whether Harvey Eggleston (the directing employe), was a person to whose orders or directions the plaintiff at the time of his alleged injuries was bound to conform and did conform, it is proper for you to take into consideration all the facts and circumstances detailed in the evidence tending to show the existence or extent of any authority that he may have assumed, if you find in fact that he did assume any. The facts as to his authority is not evidenced alone by any rank or title that he may have assumed or been given, nor by the fact that no rank or title was conferred upon

him, nor was it required that authority should have been conferred upon him in any particular form.'' The objections made to this instruction are that ''it assumes that authority was conferred,'' that ''it assumes that the offending servant assumed some rank or title, and that it is not in harmony with the evidence.'' The objections are scarcely short of being frivolous when laid beside the words of the instruction and the evidence. Moreover the jury was instructed with greater elaboration and particularly on the question of the directing servant's authority by instructions tendered by appellant and given. Of a like nature are the objections to instruction No. 4, requested by appellee and given. No error was committed in refusing to give the instructions above mentioned which appellant requested the court to give. In so far as they stated the law correctly, they were fairly covered by others given. It is an evil practice to repeat the substance of instructions over and over in different language, for it can only tend to confusion. Except that a verdict for a larger amount might well have been given, it is hardly conceivable that unbiased minds could disagree over the justness, under the law, of the result reached by the jury. We feel that the litigation has been unduly prolonged and considering this, together with the fact that the amount awarded is not fully compensatory, the judgment is affirmed with 10 per cent damages.

NOTE.—Reported in 103 N. E. 847. As to who are to be regarded as vice principals, see 41 Am. St. 94; 75 Am. St. 584. As to servant's assumption of risk in obeying orders to perform obviously dangerous work, see 4 L. R. A. (N. S.) 830. As to servant's assumption of risk in attempting dangerous work in obedience to orders without fully appreciating the danger, see 4 L. R. A. (N. S.) 838. On the question of contributory negligence of employe in obeying direct command, see 30 L. R. A. (N. S.) 441. On the question of vice principalship considered with reference to rank of superior servant, see 51 L. R. A. 513. As to assumption of risk on the failure of an employer to perform statutory duty, see 4 Ann. Cas. 599; 13 Ann. Cas. 36; Ann. Cas. 1913 C 210.