Clarke *v.* The Pennsylvania Company.

No. 15,154.

## CLARKE *v.* THE PENNSYLVANIA COMPANY.

| | |
|---|---|
| 132 | 199 |
| 160 | 28 |
| 132 | 199 |
| 162 | 91 |
| 132 | 199 |
| f166 | 70 |
| 168 | 474 |
| 132 | 199 |
| f169 | 467 |
| 170 | 376 |

RAILROAD.—*Fellow-Servants.*—"*Section Boss*" *and Section Hand.*—A member of one "section gang" is a fellow-servant of the boss of another "section gang" employed by the same railroad company, they being engaged in the same general service and in the same line of duty, and he can not recover for an injury occasioned by the negligent running of the hand-car, in charge of said boss, into the hand-car on which the plaintiff was riding.

NEGLIGENCE.—*Contributory.*—*Action Under Apprehension of Sudden Danger.* —One who does an act under an impulse, or upon a belief created by a sudden danger, attributable to another's negligence, is not to be regarded as guilty of contributory fault, even though the act be regarded as a negligent one, if performed under circumstances not indicating sudden peril.

From the Bartholomew Circuit Court.

*F. T. Hord* and *M. D. Ewing,* for appellant.

*S. Stansifer,* for appellee.

ELLIOTT, J.—The material facts stated as the appellant's cause of action are these: He was in the service of the appellee in the capacity of a "section man," and was a member of what was called the "floating gang of section men." His "gang" was under the control of a foreman or "boss," who employed and discharged its members. On the 4th day of August, 1886, the "gang," under the control of its foreman, started on a hand-car from Jonesville to a point south of that station, where it was to enter upon the work of loading and unloading gravel. On the same day another gang of men, under the control of a "section boss," was engaged in repairing the track, and was riding on a hand-car, as custom and duty required. The car on which this gang was riding was following the car on which the "floating gang" was riding. The car occupied by the appellant was running at the rate of seven miles an hour, and the appellant was propelling the car, standing with his back to the north and

to the car which was following. The car occupied by the " section gang " overtook that on which the " floating gang " was riding, and was, through negligence, run against the car in front, causing it to bound forward, and the appellant, being startled by the sudden collision and the act of the " section boss " in placing his hand under his arm, loosened his hold of the propeller, fell back upon the track and the car of the " section boss " ran over him, seriously injuring him.

The act of the appellant in loosening his hold upon the propeller can not be treated as contributory negligence, as it was influenced by a sense of sudden and impending danger. One who does an act under an impulse or upon a belief created by a sudden danger attributable to another's negligence is not to be regarded as guilty of contributory fault, even though the act would be regarded as a negligent one if performed under circumstances not indicating sudden peril. The principle we have stated is an old one and firmly imbedded in jurisprudence. *Indianapolis, etc., R. W. Co.* v. *Carr*, 35 Ind. 510; *Indianapolis, etc., R. R. Co.* v. *Stout*, 53 Ind. 143; *Buel* v. *New York, etc., R. R. Co.*, 31 N. Y. 314, *Johnson* v. *Westchester, etc., R. R. Co.*, 70 Pa. St. 357; *Pittsburgh, etc., R., W. Co.* v. *Taylor*, 104 Pa. St. 306 (49 Am. R. 580); *Stokes* v. *Saltontsall*, 13 Pet. 181; *Jones* v. *Boyce*, 1 Stark. 402.

The important question in the case is whether the appellant can be considered as the fellow-servant of the " section boss " in control of the car which was negligently propelled against that on which the " section gang " was riding, for if he was, there can be no recovery. Our decisions, and there is a very long line of them, make it our imperative duty to adjudge that the members of both parties of section men were co-employees. They were engaged in the same general service and in the same line of duty. It is unnecessary to comment upon our decisions in detail; it would, indeed, be unprofitable to cite them all, since the question can

not be regarded as an open one in this jurisdiction. Of the numerous cases we cite only these : *Ohio, etc., R. R. Co.* v. *Tindall,* 13 Ind. 366; *Wilson* v. *Madison, etc., R. R. Co.,* 18 Ind. 226; *Slattery* v. *Toledo, etc., R. W. Co.,* 23 Ind. 81; *Ohio, etc., R. R. Co.* v. *Hammersley,* 28 Ind. 371; *Gormley* v. *Ohio, etc., R. W. Co.,* 72 Ind. 31; *Pittsburgh, etc., R. W. Co.* v. *Adams,* 105 Ind. 151; *Capper* v. *Louisville, etc., R. W. Co.,* 103 Ind. 305; *Cincinnati, etc., R. W. Co.* v. *Lang,* 118 Ind. 579; *Lake Shore, etc., R. R. Co.* v. *Stupak,* 123 Ind. 210 (222) ; *Bier* v. *Jeffersonville, etc., R. R. Co., ante,* p. 78. It is probably true that some of the earlier cases we have cited state the doctrine more broadly than the later and better considered cases authorize, and we are not to be understood as approving them in all respects, but the general doctrine they state, limited to such cases as this, is that of the very latest decisions upon the subject.

It is obvious that the cases which declare that an employer must furnish safe working places and appliances for his employees is not effective in this instance, for here the only negligence charged was that of an employee in using the appliances furnished by the employer.

The decisions which sanction and apply what may, with aptness, be called the departmental doctrine are not relevant to the case stated in the complaint. We fully sanction the rule that where the employer commits a separate department to the charge of an employee, and constitutes him his representative in that department, the employee stands in the employer's place, and his negligence is the negligence of the employer. The rule to which we refer is illustrated by such cases as *Nall* v. *Louisville, etc., R. W. Co.,* 129 Ind. 260; *Taylor* v. *Evansville, etc., R. R. Co.,* 121 Ind. 124; *Ohio, etc., R. W. Co.* v. *Pearcy,* 128 Ind. 197 (203) ; *Indiana Car Co.* v. *Parker,* 100 Ind. 181 ; *Northern Pacific R. R. Co.* v. *Herbert,* 116 U. S. 642. Here there was no separate and distinct department of which the " section boss " had charge as the representative of the employer, but, on the contrary, the only

difference between the two employees, the appellant and the "section boss," was that the latter was higher in rank than the former. But this difference in rank or power, as it has been adjudged over and over again, does not destroy the relationship of those in the service of a common master as co-employees.

Counsel refer to the case of *Pittsburgh,etc.,R. W. Co.* v. *Kirk,* 102 Ind. 399, but all we need say of that case is that it was not one wherein one employee of the common employer sought damages for an injury caused by the negligence of a co-employee. Of the cases from other courts which are cited as holding a different doctrine from that so long held by our own court it is enough to say that we can not regard them as authority.

Judgment affirmed.

Filed Sept. 15, 1892.