## CITY OF MICHIGAN CITY v. WERNER.

[No. 22,858.  Filed December 19, 1916.  Rehearing denied February 21, 1917.]

1. MUNICIPAL CORPORATIONS.—*Injury to Pedestrian.*—*Statute.*—Section 8962 Burns 1914, Acts 1907 p. 249, requiring that a written notice containing a brief description of the time, place, cause and nature of the injury be given to the city within sixty days thereafter as a condition precedent to maintaining an action for damages, applies only to such actions when the injury to person or property results from any defect in the condition of any bridge, street, alley or highway, but does not apply in a case where the injury resulted directly from the negligence of the city's agent in failing to use due care in the manner in which he raised a bridge. p. 154.

2. NEGLIGENCE. — *Contributory.* — *Complaint.* — *Negativing Defenses.*—A complaint for negligence is not required to negative contributory negligence under §362 Burns 1914, Acts 1899 p. 58, making contributory negligence in personal injury cases wholly a matter of defense, and a complaint is sufficient in that respect unless the facts stated therein affirmatively disclose such a defense. p. 155.

3. MUNICIPAL CORPORATIONS.—*Injury to Pedestrian.*—*Action.*—*Complaint.*—*Agency of City.*—In an action against a city for injuries resulting from alleged negligence in raising a public bridge on which plaintiff was traveling, a complaint alleging that the city exclusively operated and controlled the opening and closing of the bridge and employed an operator to operate it and to keep off travelers when it was about to be raised, and that the operator saw and knew that plaintiff was about to enter the bridge, but failed in the performance of his duty, sufficiently alleges that the operator was acting as the agent of the city at the time of the injury. p. 155.

4. MUNICIPAL CORPORATIONS.—*Negligence of Agent.*—*Injury to Pedestrian.*—*Liability.*—One employed by a city to operate a public bridge is an agent of the city, discharging corporate duties, and the city is liable for his acts of negligence performed in the discharge of such duties. p. 156.

5. BRIDGES.—*Control by City.*—*Injury to Pedestrian.*—*Liability.*—In an action against a city for injuries to a pedestrian resulting from the alleged negligence of the city in raising a bridge while he was upon it, the purpose of plaintiff in going over the bridge could not affect his right to recover where it appears that he was a member of the public in a proper use of

City of Michigan City v. Werner—186 Ind. 149.

a public bridge within the city limits, and the fact that he was not crossing the bridge to go to a city park to which it led is immaterial.   p. 157.

6.   NEGLIGENCE.—*Contributory.*—*Verdict for Plaintiff.*—*Scope.*— In an action against a city for personal injuries, a general verdict for plaintiff was a finding against the city on the issue of contributory negligence.   p. 157.

7.   NEGLIGENCE.—*Contributory.*—*Burden of Proof.*—*Sufficiency of· Evidence.*—In an action against a city for personal injuries alleged to have resulted to plaintiff from the negligent operation of a public bridge, the burden on the issue of contributory negligence was on the defendant, and the court on appeal cannot find that the evidence is insufficient to sustain a verdict against defendant on such issue, unless it appears that the evidence without dispute shows a state of facts from which the court could say as a matter of law that plaintiff was guilty of negligence.   p. 157.

8.   APPEAL.—*Review.*—*Evidence.*—*Jury Question.*—*Contributory Negligence.*—*Verdict.*—*Conclusiveness.*—In an action against a city for personal injuries resulting to plaintiff from jumping off a bridge, alleged to have been negligently raised while he was on it, where there was evidence that a warning bell was sounded before the bridge was raised and that bystanders called a warning to plaintiff as he was about to enter the bridge, but plaintiff, who was partially deaf, denied that he heard such warnings, or that, although he looked, he saw a boat approaching for the purpose of passing, making necessary the elevation of the bridge, the question of contributory negligence was for the jury, and, the verdict having determined under the evidence that plaintiff was not guilty of negligence, the court on appeal cannot disturb such finding.   p. 157.

9.   BRIDGES.—*Injury to Pedestrian.*—*Liability of City.*—In an action against a city for personal injuries sustained by plaintiff while crossing a public bridge leading to a municipal park, where the evidence shows that the plaintiff was going fishing at the time and was not on his way to the park for pleasure and amusement, his rights could not be enlarged or affected by the fact that the city had granted concessions for the operation of places of amusement in the park and was deriving a revenue on that account.   p. 158.

10.   APPEAL.— *Review.*— *Evidence.*— *Objections.*— *Statement of Grounds.*—An objection to evidence on the ground that it is immaterial or irrelevant presents no question for review.   p. 158.

11.   APPEAL.—*Review.*—*Evidence.*—*Objections.*—*Scope of Review.* —In the review of objections to evidence, the court on appeal

City of Michigan City v. Werner—186 Ind. 149.

can consider only those grounds of objection which were presented in the trial court. p. 159.

12. APPEAL.—*Review.—Instructions.—Applicability to Evidence.* —In an action for personal injuries, where there was evidence that plaintiff had incurred a certain bill at the hospital to which he was confined, an instruction that the jury might, in determining the award of damages, consider plaintiff's expenses occasioned by the injury, for nurses and hospital charges, was not objectionable as being inapplicable to the evidence, even in the absence of testimony showing that he actually had expended money for the services of a nurse or that he had such services, since it might be presumed that part of the amount paid to the hospital was for nursing. p. 159.

13. NEGLIGENCE.—*Instructions.—Last Clear Chance.*—In an action against a city for personal injuries resulting to plaintiff · from alleged negligence in raising a bridge upon which he was traveling, an instruction that, if there were time, in the exercise of ordinary care, after seeing plaintiff's position, for the bridge tender to have stopped and lowered the bridge, and he failed to exercise such care, but continued to raise the bridge, the jury might find the defendant guilty of negligence, was not an attempt to apply the doctrine of last clear chance and was not, therefore, objectionable as being an inaccurate statement of the law in that respect, as the instruction merely informed the jury that, if the operator failed to use reasonable care to observe the presence of the plaintiff on the bridge and started to raise it while plaintiff was crossing, the jury might find defendant guilty of negligence and was a correct statement of the law as far as it went. p. 160.

14. NEGLIGENCE.—*Last Clear Chance.—Applicability.*—The last clear chance doctrine has no place in the law except as it bears upon and affects the law on the subject of contributory negligence. p. 160.

15. BRIDGES.—*Injuries to Pedestrian.—Action for.—Instruction. —Warning.*—In an action for injuries resulting to plaintiff from the raising of a city bridge while he was on it, an instruction that, if plaintiff was deaf, the bridge tender, if knowing such fact, must have used such care as was necessary under the circumstances to warn plaintiff that the bridge was about to be raised, was not reversible error, although it would have been more accurate if the word "reasonably" had been inserted before the word "necessary." p. 161.

16. APPEAL.—*Review.—Instructions.—Contributory Negligence. —Acts in Emergency.*—In an action against a city for personal injuries resulting to plaintiff from jumping off of a bridge which was raised while he was on it, an instruction that a per-

son is not responsible for his acts done under sudden peril or
while in imminent danger, caused by the negligence of another,
and, even though plaintiff might have escaped injury, in trying
to get off the bridge, by returning by the way he had entered,
instead of running across the bridge and jumping from the end
that was being raised, he was not responsible for his acts done
under sudden peril or imminent danger caused by defendant's
negligence, invaded the province of the jury by stating, as a
matter of law, that a person is not responsible for his acts when
confronted by a sudden peril or imminent danger caused by the
negligence of another, since it was for the jury to determine,
as a question of fact, in such a case whether plaintiff acted in
the emergency as ordinary prudence required, taking into con-
sideration the nature of the threatened danger and the extent
to which his judgment was affected by fear (*Clarke* v. *Pennsyl-
vania Company* [1892], 132 Ind. 199, distinguished).    pp. 162,
163.

17.  NEGLIGENCE.—*Contributory    Negligence.—Sudden    Peril.*—
Contributory negligence should not be imputed to one by reason
of any act in attempting to escape a threatened danger if his
mind is deprived of all judgment and discretion on account of
a reasonable fear occasioned by a danger to which he is ex-
posed by the negligence of another and the act in question is
occasioned by such want of judgment.    p. 163.

18.  APPEAL.—*Review.—Erroneous   Instruction.—Sudden   Peril.*—
*Reversal.*—In an action for personal injuries sustained by plain-
tiff in jumping off a bridge negligently raised while travel-
ing on it, the giving of an instruction invading the province
of the jury by taking from it the question of plaintiff's respon-
sibility for his conduct when confronted by a sudden peril oc-
casioned by defendant's negligence and whether he acted as
ordinary prudence required under the circumstances, was re-
versible error, where the evidence does not show plaintiff's
freedom from contributory negligence so clearly and conclusive-
ly as to enable the court on appeal to say as a matter of law
that the verdict could not have been other than for plaintiff.
p. 165.

19.  APPEAL.—*Review.—Refusal   of   Conflicting   Instruction.*—In
an action against a city for injuries sustained by plaintiff by
reason of the negligent raising of a bridge on which he was
traveling, an instruction to find for defendant if plaintiff was
negligent in entering upon the bridge in an attempt to cross
it, was properly refused, as it would have been in conflict with
another correct instruction that, if plaintiff's injury was im-
mediately caused by the bridge tender's negligence after he be-
came aware of plaintiff's dangerous situation and by his failure

to use ordinary care to avoid injury, plaintiff was entitled to recover, notwithstanding his prior negligence in entering upon the bridge. p. 165.

From St. Joseph Circuit Court; *Walter A. Funk,* Judge.

Action by William Werner against the City of Michigan City. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Theron F. Miller* and *Anderson, Parker, Crabill & Crumpacker,* for appellant.

*M. R. Sutherland, R. N. Smith* and *Forrest Smith,* for appellee.

LAIRY, C. J.—This is an appeal from a judgment in an action for damages occasioned by the negligence of appellant city.

The first question presented for consideration arose upon the action of the court in overruling the demurrer to the complaint. It appears from the complaint that appellant city maintained a bridge within its limits extending across the city harbor and connecting the north end of Franklin street with the public park which lay along the shore of Lake Michigan. This bridge, which is of the jack-knife type, was so constructed that it could be raised by electric machinery from a horizontal to a vertical position, the purpose of raising it being to allow boats and other watercraft to pass. The bridge was operated by an agent of the city named Heise. On the date of the injury to appellee, it is alleged that he entered upon the bridge for the purpose of crossing, and that when he was about one-third across the agent of the city set the machinery in motion, and started to raise the bridge; that appellee became excited and scared on account of the danger to which he was exposed, and, in an attempt to escape therefrom, ran across to the north end which was raised five or six

feet above the approach and jumped off the end of the bridge to the approach, thus receiving the injury of which he complains. · It is alleged that Heise, the city's agent, was negligent in failing to guard the south approach to the bridge or to give notice or warning that he was about to raise the bridge, and that after appellee was on the bridge, Heise, having knowledge of his presence there, negligently raised the bridge and created the dangerous condition which caused appellee to jump from the bridge and receive the injuries stated in the complaint. It is stated in the complaint that the bridge was under the complete control of the operator, and that it could be stopped and started, raised or lowered at any time and when in any position; and it is charged as an act of negligence that the operator saw appellee on the bridge at the time it was being raised, and saw that he was running to the opposite end to escape therefrom, and knew that by the time he could reach the end it would be raised to such a height as to make it dangerous for him to escape at that end. It is alleged that, knowing these facts, the operator negligently failed to stop the bridge and lower it, but negligently continued to raise it.

The first objection urged against the sufficiency of the complaint is that it fails to allege that written notice, containing a brief description of the time,

1.    place, cause and nature of the injury, was given to the city within sixty days thereafter, as required by §8962 Burns 1914, Acts 1907 p. 249. This section applies to actions in damages for injury to person or property resulting from any defect in the condition of any bridge, street, alley or highway. The injury to appellee as charged in the complaint did not result from any defective condition of the bridge, but it resulted directly from the negligence of the agent of the city in failing to use due care in the manner in

which he operated the bridge. If ordinary care required that the south entrance to the bridge should have been guarded by stretching a rope or a chain across it before raising the bridge, the purpose of such barrier would not have been to guard a defective condition on the bridge, but to prevent people from entering upon it so as to be in a position to be injured in the operation of raising it. No case has been cited by counsel on either side bearing directly on the question here presented, but the language of the statute would seem to indicate that it was intended to apply only to a defective condition existing in bridges, streets, alleys and highways. The court has no disposition to extend its application by construction.

It is also claimed that the complaint is defective in that it does not allege that appellee looked or listened for warnings of danger before going onto the bridge. 2. Contributory negligence in personal injury cases is wholly a matter of defense under our statute, and it is unnecessary to allege freedom from it. §362 Burns 1914, Acts 1899 p. 58. *Evansville, etc., R. Co.* v. *Berndt* (1909), 172 Ind. 697, 88 N. E. 612 and cases cited. A complaint is sufficient as against an objection of this kind unless the facts stated in the complaint affirmatively disclose the defense of contributory negligence. *Cole* v. *Searfoss* (1911), 49 Ind. App. 334, 97 N. E. 345.

Appellant further insists that the complaint does not show that the operator was acting as the agent of the city at the time he did the act complained of. 3. Under this point it is urged that there is failure, in the first place, to show that the relation of principal and agent existed at the time of the injury, and in the second place that the complaint shows that the operator was engaged in a governmental function. Neither of these positions is well taken. The complaint

alleges specifically "that at the time herein mentioned the said city *exclusively* operated and controlled the opening of and closing of said bridge, and employed and kept an operator, stationed at the south end of the bridge, whose duty it was to operate said bridge as aforesaid, and to warn and to keep off travelers from said bridge when it was about to be raised, and to protect the public from injury by reason of the operation of said bridge." Also "that the *said operator* of the said bridge saw and knew that this plaintiff was about to enter upon the bridge at the time but, notwithstanding this fact, the said operator" failed in the performance of his duty. The operator is in similar language referred to in other specific allegations of negligence. There can be no doubt that it was clearly stated that this operator was the same who had *exclusive control* of the bridge. And when he is referred to he is designated as such operator, clearly meaning the one previously mentioned as *employed* and *kept* by appellant city to operate the bridge.

As to the capacity in which the operator was employed it is now well settled that persons so employed by cities in Indiana are agents of the city discharging corporate duties, and that the city is liable for their acts of negligence performed in the discharge of such duties. The most recent case reviewing the authorities on this subject is that of *City of Kokomo* v. *Loy* (1916), 185 Ind. 18, 112 N. E. 994. Under the authority of that case there can be no doubt of the capacity in which the operator of the bridge was performing his duty. He was clearly a corporate agent of the city, performing a corporate duty, and not a governmental one. There was no error committed by the court in overruling the demurrer to the complaint.

Under the assignment of error in overruling the motion for a new trial, appellant claims that the evidence

does not sustain the verdict for the reasons that: (1) The evidence shows conclusively that appellee was guilty of contributory negligence; (2) the evidence also shows that appellee was not going to the park owned and operated by the city, but that he was on his way fishing, and therefore the city owed no duty to him except that owed to a trespasser; (3) there was no proof of notice as required by §8962 Burns 1914; (4) the evidence shows only negligence of the operator of the bridge.

The questions raised by points Nos. 3 and 4 have been disposed of by what we have said in regard to the demurrer to the complaint. As to the second

5. proposition it may be said that the purpose of the appellee in going over the bridge cannot affect his right to recover so long as it appears that he was a member of the public in the proper use of a public bridge within the city limits. It is not at all material whether the city maintained a public park across the bridge or not. The bridge was admittedly a part of the public highway within the city and as such open to the public for highway purposes. The negligence of the operator of the bridge was imputed to the city, and it became liable for the negligent acts of its agent in the discharge of his duty.

By the general verdict the jury found against appellant on the issue of contributory negligence. It is claimed by appellant that the verdict on this is-

6. sue is not sustained by the evidence. The burden of this issue was on appellant and to maintain his contention it must appear that the evidence with-

7. out dispute shows a state of facts from which the court could say as a matter of law that appellee was guilty of negligence. It is claimed that the

8. evidence shows that he did not look or listen for signals or warning of danger before entering upon the bridge. There is evidence that a warning bell

was sounded before the bridge was raised and that persons present called a warning to him as he was about to go upon it. As to the warning bell there is some conflict in the evidence and appellee testified that he was hard of hearing and that he did not hear the bell or calls. The evidence shows that a yacht was approaching the bridge for the purpose of passing and it is claimed by appellant that, had he looked, he could have seen its approach and would have been warned that the bridge was about to be raised. Appellee testifies that he looked at the boats and did not see any of them moving. Under such a state of the evidence the question of contributory negligence was one of fact for the jury; and it having decided the question this court is without power to disturb the verdict on the evidence. *Cleveland, etc., R. Co.* v. *Lynn* (1911), 177 Ind. 311, 95 N. E. 577, 98 N. E. 67; *Chicago, etc., R. Co.* v. *Fretz* (1909), 173 Ind. 519, 90 N. E. 76; *Stoy* v. *Louisville, etc., R. Co.* (1902), 160 Ind. 144, 66 N. E. 615, and cases there cited.

It is also urged that the court committed error for which the judgment should be reversed in admitting evidence of the use made of the public park by the city. Without dispute, the evidence shows that appellee was going fishing at the time he was injured, and that he was not on his way to visit the park for pleasure and amusement. Under this state of the evidence appellant asserts that the rights of appellee could not be enlarged or affected by the fact that the city at the time had granted concessions to various persons to conduct and operate places of amusement in the park and that it was deriving a revenue on that account. Upon this point appellant is clearly correct. The evidence under consideration was not material to plaintiff's recovery, but the only objection made to this evidence in the trial was that it was immaterial. An objection made to evidence on the

ground that it is immaterial or irrelevant presents no question for review.   *Heap* v. *Parrish* (1885), 104 Ind. 36, 3 N. E. 549.

In the objections made in the trial court nothing was said showing that the evidence was of a nature to prejudice the rights of appellant.   In this court appellant asserts that proof that the city recovered a considerable income from the concessions in the park was prejudicial for the reason that the jury may have considered this fact in awarding damages to appellee, and as a result the verdict against appellant was greater than it would have been otherwise.   This was not presented as an objection to the evidence in the trial court and it cannot be considered on appeal.   *Indiana Improvement Co.* v. *Wagner* (1894), 138 Ind. 658, 38 N. E. 49.

Objection was made to certain instructions given by the court and to the refusal to give certain instructions requested.   Instruction No. 11, given at the request of appellee, related to the question of damages and informed the jury what matters were proper for their consideration in determining the damage to be awarded in case the plaintiff was entitled to recover.   Among other things the court told the jury that it was proper to consider his expenses, occasioned by the injury, for doctors' services and nurses and hospital charges in his efforts to be healed.   This part of the instruction is objected to on the ground that it is not applicable to the evidence, there being no evidence that appellee had the services of a nurse or sustained any expense on that account.   There was evidence, however, that appellee was in a hospital, and that his hospital bill was $38.   It may be presumed that part of this amount was paid for nurse expense, nurses being an indispensable adjunct to the modern hospital.   Moreover, the enumeration of nurses along with doctors' bills

and hospital charges can fairly be said to be a general enumeration of the kind of expenses proved as alleged. It is not within the range of probability that appellant was in any manner injured by this instruction.

The part of instruction No. 10 to which appellant objects is as follows: "And in this case if you shall find that there was time, in the exercise of ordinary care, for the bridge tender to have stopped and lowered the bridge, after seeing or after he was bound to see, in the exercise of ordinary care, the dangerous position of plaintiff upon the bridge, if you find he was in such dangerous position, and that the bridge tender failed to exercise such care to stop or lower such bridge, but continued to raise the same while the plaintiff was thereon, and injured him, as alleged in the complaint, then you are at liberty to find that the defendant was guilty of negligence in the premises."

It is claimed by appellant that this part of the instruction is not an accurate statement of the law governing the doctrine of the last clear chance. A proper consideration of the instruction shows that it does not attempt to apply that doctrine. The last clear chance doctrine has no place in the law except as it bears upon and affects the law on the subject of contributory negligence. It will be observed that this instruction deals solely with the negligence of the defendant with no reference to contributory negligence on the part of plaintiff. By this instruction the court does not tell the jury that, if the operator of the bridge at the time he concluded to raise it, was negligent in failing to see that the plaintiff was on the bridge in the act of crossing it, plaintiff might recover, even though he had been guilty of negligence in going on the bridge. The instruction is therefore not open to the objection urged against it. It simply tells the jury, in substance, that if the operator of the bridge

failed to use reasonable care to observe the presence of plaintiff on the bridge and started to raise it while plaintiff was in the act of crossing it, it would be at liberty to find the defendant guilty of negligence. This is undoubtedly a correct statement of the law so far as it goes. However, if the instruction were susceptible of the meaning attached to it by appellant, it would be harmless under the facts of this case for the reason that the bridge tender testified that he did see appellant from the time he went upon the bridge until the accident happened.

Instruction No. 9 complained of reads as follows: "If you believe from the evidence that the plaintiff was deaf and hard of hearing, at the time of his going upon the bridge, on the day of his injury, and that the bridge tender Henry Heise, was in charge of said bridge at the time, and knew that he was deaf and hard of hearing, then the bridge tender must use such care as was necessary under the circumstances to apprise the plaintiff that he was about to raise the bridge, having in mind such defect, if any, in plaintiff's hearing."

This instruction is subject to criticism. It would have been more accurate if the word "reasonably" had been inserted before the word "necessary" so as to make that part of the instruction state that the bridge tender must use such care as was *reasonably* necessary under the circumstances to apprise plaintiff that he was about to raise the bridge, having in mind such defect in plaintiff's hearing. However, we think that the jury must have understood from the instruction, taken as a whole, that ordinary care required the bridge tender to take into account the defective condition of appellee's hearing in determining what care was necessary and to use such care as ordinary prudence would dictate. Jurors

Vol. 186—11

composed of men taken from the ordinary walks of life are unable, from listening to instructions as read, to draw the fine distinctions in meaning which an attorney may draw when carefully studying such instructions preparatory to an appeal with a view to finding some technical defect.    While the instruction is not technically accurate, there is slight probability that it could have misled the jury.    The giving of this instruction was not reversible error.

Instruction No. 6, asked by appellee, reads as follows: "A person is not responsible for his acts done under sudden peril or while in imminent danger, caused by the negligence of another.    And so in this case, even though you believe that the plaintiff might have escaped injury by running south, in trying to get off from said bridge, instead of north, and jumping therefrom, still he is not responsible for not so doing, if you believe he was at the time in imminent danger, or sudden peril, caused by the negligence of the defendant."

By this instruction the court invaded the province of the jury by stating as a matter of law that a person is not responsible for his acts done under sudden peril or in imminent danger caused by the negligence of another.    It is not proper for the court to say that a person who is put in fear for his safety is thereby rendered wholly irresponsible for his conduct; it is for the jury to determine as a question of fact what ordinary prudence required under the circumstances, taking into account the nature of the threatened danger and the extent to which the judgment was affected by fear. No doubt there are degrees of fear which, to a greater or less extent, affect the judgment.    It is possible that a person in the immediate presence of a great and impending danger might be so overcome with fear as to lose all judgment· and discretion, but it would always

be a question of fact for the jury to determine as to whether the condition which surrounded him was of such a nature as to reasonably produce such a state of mind and whether or not such a state of mind in fact existed. It was not the province of the court to assume or to state to the jury that the fear operating on the mind of appellee was of such a nature as to deprive him entirely of judgment and discretion and to wholly relieve him of all responsibility for the consequences of his acts in attempting to escape the danger, but the jury might have been properly told that it should not impute contributory negligence to the appellee on account of any act in attempting to escape the threatened danger if it found as a fact from the evidence that the mind of appellee was deprived of all judgment and discretion on account of a reasonable fear occasioned by a danger to which he was exposed by the negligence of appellant, and that the act in question was occasioned by such want of judgment. In this case it was claimed that appellee was guilty of contributory negligence after the bridge started to raise in running across the bridge and jumping off the raised end instead of returning by the way he had entered. This question should have been left to the jury, but the court practically took it from the jury by the instruction under consideration. According to the latter part of this instruction the jury had only to find that he was at the time in imminent danger or sudden peril caused by the negligence of appellant in order to absolve him from contributory negligence with reference to any act done in attempting to escape. If the question had been submitted to the jury it might have found that he retained his presence of mind and was still capable of exercising discretion notwithstanding his danger and the fear occasioned thereby; but by this instruction the court took

this latter question from the jury and decided it adversely to appellant as a matter of law.

An examination of the authorities cited by appellee to sustain the instruction will show that all sustain the law as announced by this opinion. In every case cited this court was asked to hold as a matter of law that the defendant in the court below was guilty of contributory negligence. In some of the cases the question decided was the sufficiency of the evidence to sustain the verdict, it being contended that contributory negligence was shown by the evidence as a matter of law. *Louisville, etc., R. Co.* v. *Kelly* (1892), 6 Ind. App. 545, 33 N. E. 1103; *Pennsylvania Co.* v. *McCaffrey* (1894), 139 Ind. 430, 38 N. E. 67, 29 L. R. A. 104. In the cases of *Indiana R. Co.* v. *Maurer* (1902), 160 Ind. 25, 66 N. E. 156, and *Lake Erie, etc., R. Co.* v. *McHenry* (1894), 10 Ind. App. 525, 37 N. E. 186, it was claimed that the answers to interrogatories showed contributory negligence as a matter of law. The case upon which appellee most strongly relies is that of *Clarke* v. *Pennsylvania Co.* (1892), 132 Ind. 199, 31 N. E. 808, 17 L. R. A. 811. An examination of the record in that case will disclose that the only question before the court was the sufficiency of the complaint to withstand a demurrer for want of facts, it being the contention of appellee that the facts stated in the complaint showed as a matter of law that appellant was guilty of contributory negligence. The language used in the opinion is correct when considered in the light of the question under consideration, and the same thing may be said of the language of court opinions generally dealing with this question. The question as to whether a plaintiff acting under the influence of fear occasioned by the negligence of a defendant is or is not guilty of contributory negligence is uniformly held to be one of fact to be determined by the jury in light of the circumstances,

among which are the nature and extent of the danger and the degree to which plaintiff's mind was affected by fear and the result upon his conduct.

This court cannot say that this instruction did not affect the result of the trial. According to the evidence of appelle he ran about forty-five feet after he felt the bridge start to rise before reaching the north end. He testified that he was scared and other witnesses stated that he seemed scared. The evidence does not show freedom from contributory negligence so clearly and conclusively as to enable this court to say that the verdict should not have been different. The giving of instruction No. 6 constituted reversible error.

Instruction No. 4, requested by appellee, states the law correctly, more especially when taken in connection with instruction No. 2, which was given. The jury could not have been misled.

Instruction No. 4, refused by the court, if given, would have been in conflict with instruction No. 7, which properly states the law. The instruction refused directed the jury, in effect, to find for the defendant if it appeared that the plaintiff was negligent in entering upon the bridge in an attempt to cross it. Under the doctrine of last clear chance, as stated in instruction No. 7, to the effect that if the injury to the plaintiff was immediately caused by the negligence of the bridge tender after he became aware of the dangerous situation of plaintiff and to his failure to use ordinary care to avoid injury to him, then the plaintiff was entitled to recover, notwithstanding his prior negligence in entering upon the bridge.

The rest of the instructions asked by appellant and refused by the court have been disposed of by what has been said in a former part of this opinion.

Appellant also asserts that the damages are excessive.

In view of the conclusion reached, this question need not be decided. Judgment reversed for error in giving instruction No. 6, and the court below is instructed to sustain appellant's motion for a new trial.

## ON PETITION FOR REHEARING.

LAIRY, C. J.—Appellant files a petition for rehearing and questions that part of the original opinion which deals with instructions Nos. 9 and 11 given at the request of appellee. It seems to be appellant's impression that the court approves of the instructions referred to and that harm would result if they were used upon a second trial of the cause. On the contrary, the court disapproves of these instructions. The opinion goes no further than to state that the errors contained in these instructions would not alone be deemed sufficient to warrant a reversal of the judgment. The objectionable features in instructions Nos. 9 and 11 having been pointed out, it was assumed that they would not be given in the same form upon another trial.

Petition for rehearing overruled.

NOTE.—Reported in 114 N. E. 636. Liability of a municipality in respect to the maintenance and operation of bridges, 15 Ann. Cas. 833. Liability of municipality for negligence of bridge tender, 19 L. R. A. (N. S.) 1178; 45 L. R. A. (N. S.) 98. Duty of one approaching draw-bridge, 14 L. R. A. (N. S.) 452. Last clear chance: applicability of doctrine to case of imputed negligence 26 L. R. A. (N. S.) 309; concurrent negligence of plaintiff as defeating recovery under doctrine, Ann. Cas. 1912 B 888. Degree of care required of one in sudden emergency, 37 L. R. A. (N. S.) 43. See under (1). 28 Cyc 1450; (2) 29 Cyc 576; (3) 28 Cyc 1274, 1466; (8) 9 C. J. 493; (13) 29 Cyc 655.