UNION TRACTION COMPANY OF INDIANA *v.* ELMORE.

[No. 9,244.   Filed June 26, 1917.   Rehearing denied December 7, 1917.]

1.  TRIAL.—*Directory Instructions.*—*Omission of Essential Fact.*— Where an instruction directs a verdict if certain facts be found, it must embrace all the facts and conditions essential to such a verdict, and, if an essential fact be omitted, the omission cannot be supplied by another instruction.  p. 98.

2.  NEGLIGENCE.—*Instructions.*—*Proximate Cause.*—Although an instruction directing a verdict for plaintiff if the jury should find, among other things, that defendant's negligence was the "cause," rather than the "proximate cause," of the injury was subject to criticism as being inaccurate, it was not misleading in view of the fact that it conditioned the return of such a verdict on a finding that plaintiff was not guilty of contributory negligence.  p. 98.

3.  RAILROADS.—*Crossing Accidents.*—*Contributory Negligence.*— *Instructions.*—The rule that while a traveler on a public highway about to cross a railway track may presume within reasonable limits that the railway company will obey the laws and ordinances governing the operation of cars over its tracks, this does not relieve him from the exercise of due care, but such presumption may be considered in determining whether due care was exercised. is only partially covered by an instruction that if a

municipal ordinance required the railroad to sound a gong not less than 100 feet from any crossing which a car was about to pass and to sound it continually until the center of the crossing was reached, and such duty was not discharged, plaintiff might presume that no car was approaching within such distance and that it was safe for him to cross the track, though the final clause of the instruction limits plaintiff's right of recovery to an absence of a finding that he was guilty of contributory negligence.    p. 99.

4. TRIAL.—*Instructions.—Assumption of Facts.*—The court may assume the existence of undisputed facts in an instruction. p. 100.

5. NEGLIGENCE.—*Contributory Negligence.—Sudden Peril.—Instructions.*—Although an instruction that one who does not act under an impulse or under a belief created by a sudden danger attributable to another's negligence is not to be regarded as guilty of contributory negligence, even though the act would be regarded as a negligent one if performed under circumstances not indicating sudden peril, embodies an approved abstract rule of law, its mere statement as an instruction, without explanation or application, is likely to be misleading, and the instruction should be so worded as to make it clear that a person put in fear for his safety by the negligent acts of another is not thereby rendered wholly irresponsible for his conduct, but must still use due care for his safety under the existing circumstances, considering the nature of the threatened danger, and the extent to which his judgment was probably affected by fear.    p. 100.

6. RAILROADS.—*Crossing Accidents.—Care Required at Crossings.—Instructions.*—In an action for injuries sustained in a railroad crossing accident, an instruction that a person about to cross a railroad track at a public highway in cities is not required to stop, look and listen for trains or cars before attempting to cross, is misleading and it may have been prejudicial, since reasonable care may require him to look and listen, and even stop, depending on circumstances and conditions.    p. 101.

7. RAILROADS.—*Crossing Accidents.—Care Required at Crossings.—Instructions.*—An instruction stating that the degree of care to be used by one about to cross a railroad track at a public highway crossing in a city is such as a person of ordinary intelligence would be required to use for his protection is incorrect, since the degree of care necessary under such circumstances is that of an ordinarily prudent person.    p. 102.

8. NEGLIGENCE.—*Last Clear Chance.—Instructions.*—In an action for personal injuries, instructions cannot be sustained on the doctrine of last clear chance where the hypothetical state of facts set out do not include a finding of plaintiff's negligence.    p. 103.

9. NEGLIGENCE.—*Last Clear Chance.—Instructions.*—In an action for personal injuries, an instruction that, even if plaintiff negligently exposed himself to an injury, yet if defendant, after discovering the exposed situation, inflicted the injury through a failure to exercise ordinary care, plaintiff should recover, is erroneous, in that it failed to exclude a recovery by plaintiff although he may have been able to extricate himself from the dangerous position to which he had negligently exposed himself by the exercise of ordinary care after defendant had discovered his perilous situation, but negligently failed to do so, since in such a case his failure to act for his own safety would be negligence proximately causing his injury.   p. 103.

10. RAILROADS.—*Crossing Accidents.—Contributory Negligence.— Sudden Peril.—Instructions.*—In an action for injuries sustained in a railroad crossing accident, an instruction relieving plaintiff from contributory negligence, if, after he first discovered the approach of the car which collided with his automobile, he did what seemed to him to be his only chance to avoid injury, is erroneous, since, while it is true that one who does an act under an impulse, or under a belief created by a sudden danger attributable to another's negligence, is not necessarily deemed guilty of contributory negligence, even though the act would be a negligent one if performed under circumstances not indicating peril, this does not relieve him from the exercise of reasonable care under the existing circumstances, his impulse being not the only, but a proper, circumstance to be considered in determining the question of contributory negligence.   p. 104.

From Adams Circuit Court; *David E. Smith,* Judge.

Action by Charles A. Elmore against the Union Traction Company of Indiana. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*J. A. Van Osdel, Simmons & Dailey, C. J. Lutz* and *Kittenger & Diven,* for appellant.

*John C. Moran, Frank W. Gordon* and *Arthur L. Sharp,* for appellee.

BATMAN, J.—Appellee filed his complaint in two paragraphs in the court below to recover damages

on account of injuries to his automobile and to his wife, alleged to have been caused by the negligent operation of one of appellant's cars at a street crossing in the city of Bluffton, Indiana. Appellant answered by a general denial. Trial was had by jury and judgment was rendered for $1,002. From this judgment appellant prosecutes this appeal and relies for reversal on the action of the trial court in overruling its motion for a new trial.

Appellant bases its motion for a new trial on a number of reasons, but a determination of the appeal will require us to consider only those relating to the giving of certain instructions. It is contended that instructions Nos. 5, 6, 7, 8, and 15, given by the court at the request of appellee, are erroneous, as each direct a verdict for appellee upon a hypothesis which omits the essential factor of proximate cause. It is well settled that where the court directs a verdict, if the jury should find from the evidence that certain facts exist, the instruction must embrace all the facts and conditions essential to such verdict. In such case, if an essential fact is omitted, it is not sufficient to supply the omission in another instruction. *American, etc., Tin Plate Co. v. Bucy* (1908), 43 Ind. App. 501, 87 N. E. 1051; *Neely v. Louisville, etc., Traction Co.* (1913), 53 Ind. App. 659, 102 N. E. 455; *Terre Haute, etc., Traction Co. v. Young* (1913), 56 Ind. App. 25, 104 N. E. 780; *Chicago, etc., R. Co. v. Glover, Admr.* (1899), 154 Ind. 584, 57 N. E. 244; *Indianapolis Traction etc., Co. v. Matthews* (1911), 177 Ind. 88. In the instructions under consideration, the directed verdict was conditioned, among other things, on the jury finding that the negligence of appellant was the cause of the injury. Strictly speaking, it would

have been more accurate if the term "proximate cause" had been used, but in view of the fact that each of such instructions conditioned the return of a verdict in favor of appellee on the fact that the jury did not find that he was guilty of contributory negligence, we are of the opinion that the jury was not misled by the absence of the more accurate expression.

Instruction No. 5 informed the jury, in substance, that if it found from the evidence that an ordinance required appellant to sound the gong not less

3. than 100 feet from any crossing which a car was about to pass and to sound it continually until the center of such crossing was reached, and that such duty was not discharged on the occasion in question, then appellee had the right to presume that no car was approaching such crossing within 100 feet thereof, and that it was safe for appellee to cross appellant's track in his automobile. Appellant contends that this instruction is erroneous as it relieved appellee from all care under the circumstances stated. If this was the true import of the instruction, when considered as a whole, the objection would be well taken. The recognized rule in this state is that, while a traveler on a public highway about to cross a railway track may presume within reasonable limits that the railway company will obey the laws and ordinances governing the operation of cars over its track, this does not relieve him from the exercise of due care, but such presumption may be considered in determining whether due care was exercised. *Cleveland, etc., R. Co.* v. *Harrington* (1892), 131 Ind. 426, 30 N. E. 37; *Cleveland, etc., R. Co.* v. *Rumsey* (1912), 52 Ind. App. 371, 100 N. E. 782; *Cleveland, etc., R. Co.* v. *Lynn* (1908), 171 Ind.

589, 85 N. E. 999, 86 N. E. 1017; *Baker* v. *Baltimore, etc., R. Co.* (1915), 61 Ind. App. 454, 112 N. E. 27. The rule just stated was only partially covered by the instruction in question, unless the final clause, limiting appellee's right of recovery to an absence of a finding that he was guilty of contributory negligence, supplied the omission.    On account of the uncertainty in this regard the instruction is not approved.

Appellant also insists that certain of the instructions are erroneous because they are so worded as to assume the injuries complained of.    The fact that appellee's wife and automobile were injured in the collision alleged in the complaint is an undisputed fact in the case.    It was not error for the court to assume the existence of such undisputed fact in instructing the jury. *Terre Haute Electric Co.* v. *Kieley* (1904), 35 Ind. App. 180, 72 N. E. 658; *Baltimore, etc., R. Co.* v. *Keiser* (1912), 51 Ind. App. 58, 94 N. E. 330; *Archer* v. *Ostemeier* (1914), 56 Ind. App. 385, 105 N. E. 522.

Appellant predicates error on the action of the court in giving instruction No. 12, at the request of appellee, which is as follows: "One who does an act under an impulse or under a belief created by a sudden danger attributable to another's negligence, is not to be regarded as guilty of contributory fault, even though the act would be regarded as a negligent one if performed under circumstances not indicating sudden peril."    The abstract rule embodied in this instruction has been expressly approved in the cases of *Clarke* v. *Pennsylvania Co.* (1892), 132 Ind. 199, 31 N. E. 808, 17 L. R. A. 811, and *McIntyre* v. *Orner* (1905), 166 Ind. 57, 76 N. E. 750, 4 L. R. A. (N. S.) 1130, 117 Am. St. 359,

8 Ann. Cas. 1087. However, its mere statement as an instruction, without explanation or application, is likely to be misleading and is therefore objectionable. The instruction should have been so worded as to make it clear to the jury that a person who is put in fear for his safety by the negligent acts of another is not thereby rendered wholly irresponsible for his conduct, but must still use due care for his own safety, under the existing circumstances, taking into account the nature of the threatened danger, and the extent to which his judgment was probably affected by fear. *City of Michigan City* v. *Werner* (1916), 186 Ind. 149, 114 N. E. 636; *Woolery, Admr.,* v. *Louisville, etc., R. Co.* (1886), 107 Ind. 381, 8 N. E. 226, 57 Am. Rep. 114; *Chicago, etc., R. Co.* v. *Martin* (1903), 31 Ind. App. 308, 65 N. E. 591; *Lemay* v. *Springfield Street R. Co.* (1911), 210 Mass. 63, 96 N. E. 79, 37 L. R. A. (N. S.) 43; *Lake Erie, etc., R. Co.* v. *McHenry* (1894), 10 Ind. App. 525, 37 N. E. 186.

Appellant also insists that the giving of instruction No. 14, at the request of appellee, was error.

6. This instruction is as follows: "A person who is about to cross a railroad track at a public highway crossing in cities is not required by the law governing such cases to stop, look and listen for trains or cars before attempting to cross such railroad track. He is only required to use such care and caution as a person of ordinary intelligence would, under the circumstances, be required to use to prevent injury to himself, using his faculties for that purpose in a manner required by the surrounding circumstances." The form of this instruction is objectionable, and its giving may have been harmful. It is quite possible that the jury, on hearing such instruction read, may have under-

stood that the care and caution required of a person about to cross a railroad track in a city, was, in all cases, something less than stopping, looking and listening, inasmuch as the first sentence of the instruction expressly stated that such acts of care were not required. Such an understanding would have been erroneous, as reasonable care may require such person to look and listen and even stop, before attempting to cross such railroad track, depending on the circumstances and conditions. *Fort Wayne, etc., Traction Co.* v. *Schoeff* (1914), 56 Ind. App. 540, 105 N. E. 924. This instruction also states that the degree of care to be used under the conditions named, was such as a person of ordinary intelligence would be required to use for his protection. This is not a correct statement of the rule, since the degree of care to be used by such person under such circumstances is that of an ordinarily prudent person.

7.

Appellant also insists that the court erred in giving instruction No. 16, at the request of appellee. This instruction is a statement of an abstract principle of law with reference to the respective rights of a street car and other vehicles at highway crossings. It was quoted with approval in the case of *Indianapolis Street R. Co.* v. *Schmidt* (1904), 35 Ind. App. 202, 71 N. E. 663, 72 N. E. 478. It is not applied to the facts in this case, and because of its general character was probably of little service to the jury in reaching its conclusion. However, when considered in connection with instruction No. 12, given at the request of appellant on the same subject, we conclude that the jury was fully and fairly instructed on the question covered by such instruction.

8. Errors are also predicated on the action of the court in giving instructions Nos. 17 and 18 at the request of appellee. These instructions cannot be sustained on the doctrine of last clear chance, as the hypothetical state of facts set out do not include findings of negligence on the part of appellee. Instruction No. 17 cannot be sustained on any other theory, as it informed the jury, in effect, that it might return a verdict for appellee, regardless of his contributory negligence. Instruction No. 18 states certain facts under which the jury might find appellant guilty of negligence, without indicating appellee's right of recovery thereunder. We find no objection to such statement.

9. Appellant contends that the court erred in giving instruction No. 19 at the request of appellee, which is as follows: "I instruct you that if you find from the evidence in this case that the plaintiff at the time charged, negligently exposed himself and his property to an injury, yet if you further find that if the defendant, after discovering the exposed situation, if any, inflicted the injury upon his property through a failure to exercise ordinary care, the plaintiff may recover damages for such injury, if any." This instruction seems to be based on the legal principle quoted with approval in the cases of *Lake Erie, etc., R. Co.* v. *Juday* (1897), 19 Ind. App. 436, 49 N. E. 843; *Dull* v. *Cleveland, etc., R. Co.* (1898), 21 Ind. App. 571, 52 N. E. 1013; *Indianapolis Street R. Co.* v. *Schmidt, supra.* The instruction, however, seems to possess a possible infirmity, in that it would permit appellee to recover, although he may have been able to extricate himself from the position of danger to which he had negligently exposed himself by the exercise of ordinary

care after appellant had discovered his perilous situation, but negligently failed to do so. In that event, appellee would have been guilty of negligence which would have been the proximate cause of his injury, and he could not have recovered. The instruction should have been so worded as to exclude such possible interpretation.

Appellant also predicates error on the action of the court in giving instruction No. 20, at the request of appellee. This instruction, in effect, 10. relieved appellee from the charge of contributory negligence, if, after he first discovered the approach of the car which collided with his automobile, he did what seemed to him to be his only chance to avoid injury. This renders such instruction erroneous. While it is true that one who does an act under an impulse, or under a belief, created by a sudden danger attributable to another's negligence, is not necessarily regarded as guilty of contributory fault, even though the act would be regarded as a negligent one if performed under circumstances not indicating peril, still this does not relieve such person from the exercise of reasonable care under the existing circumstances. His impulse or belief is not the only matter to be considered by the jury in determining the question of contributory negligence, but is a proper circumstance to be considered in determining such question. *City of Michigan City* v. *Werner, supra; Woolery, Admr.,* v. *Louisville, etc., R. Co., supra; Chicago, etc., R. Co.* v. *Martin, supra; Lemay* v. *Springfield Street R. Co., supra; Lake Erie, etc., R. Co.* v. *McHenry, supra; McIntyre* v. *Orner, supra.*

Other questions are presented in the motion for a new trial, but as they may not occur on a retrial of

the cause, it will not be necessary to consider them here. Judgment reversed, with instructions to sustain appellant's motion for a new trial, and for such further proceedings as are not inconsistent with this opinion.

NOTE.—Reported in 116 N. E. 837. Railroads: care required of drivers of automobiles at crossings, acts in emergency, contributory negligence, 46 L. R. A. (N. S.) 702, 708; collisions with automobiles at crossings, Ann. Cas. 1913B 680, 1915B 767. Negligence: exercise of due care by plaintiff after defendant's negligence, 33 L. R. A. (N. S.) 1211. See under (5) 29 Cyc 654; (3, 6, 7, 10) 33 Cyc 1138-1140.