## WHEAT ET AL. v. STATE OF INDIANA.

[No. 24,673.   Filed February 27, 1925.]

1. ROBBERY.—*Evidence.*—*Sufficiency to Sustain Verdict.*—While prosecuting witness was being driven to his home by two of the defendants, three other men stopped them and, with guns pointed, compelled the prosecuting witness to alight and give up his watch and money, while the two in the car drove away; the five men were arrested, charged with robbery and convicted; the evidence considered and *held* not sufficient to sustain the verdict against the two who were driving them, but sufficient as against the other three.   p. 663.

2. CRIMINAL LAW.—*Appeal.*—*Objections to Evidence Must be Same as Presented to Trial Court.*—Where an objection to the admission of testimony concerning the contents of a letter, made at its reception and in the motion for new trial, was that no one had been notified to produce the original letter, the uncontradicted evidence showing that the letter had been destroyed, no other objection can be successfully made on appeal.   p. 663.

3. CRIMINAL LAW.—*New Trial.*—*Objections Must be Presented to Lower Court.*—Objections to evidence cannot be considered on appeal unless presented to the lower court for review by specifications in the motion for new trial.   p. 664.

From Floyd Circuit Court; *John M. Paris,* Judge.

Jesse C. Wheat, Louis Hunter, Clarence Barger, Lawrence Willenborg and Lewis Armstrong were convicted of robbery, and they appeal.   Reversed as to Louis Hunter and Clarence Barger, and affirmed as to Jesse Wheat, Lawrence Willenborg and Lewis Armstrong.

*Evan B. Stotsenburg, John H. Weathers* and *Sherman Minton,* for appellants.

*U. S. Lesh, Attorney-General,* and *Mrs. Edward Franklin White,* Deputy Attorney-General, for the State.

EWBANK, J.—Appellants were jointly prosecuted, tried and convicted on a charge of robbery.   Each separately moved for a new trial, and each separately assigned as error the overruling of his motion.   Hunter

and Barger insist that the verdict finding them guilty is not sustained by sufficient evidence. There was evidence that the prosecuting witness, Ralph Rosen, lived in Louisville with his uncle, and worked in his uncle's bakery; that he lost $100 shooting craps at a gambling house in New Albany, and then pawned his watch for $25 and lost that; that he had there made the acquaintance of Hunter, and having suggested that some one take him home, Hunter volunteered, and took him to the Willard Hotel, in Louisville; that Barger did not go that time, but some other boy went along; that at the Willard Hotel Rosen got $100, and Hunter took him back to the gambling house in New Albany, where they arrived about 11 o'clock at night; that Barger was there, and one witness saw Willenborg there, but the prosecuting witness did not; that Wheat was there about 11:30, and "drew a gun"; that before he went to the gambling house Rosen had gone to a pool room in New Albany at about 8 o'clock, and stayed fifteen or twenty minutes, where he played a few games of pool, and where he saw Hunter; that the proprietor of the pool room saw the other defendants in the pool room that evening; that at about 1:30 or 2 o'clock in the morning Rosen left the gambling house with Hunter and Barger; that Hunter was going to take him to Louisville in a Ford sedan car, and Barger went along; that Hunter was driving at the rate of twelve or fifteen miles an hour, "the speed limit," and just as they were about to pass the Kentucky and Indiana bridge the other three defendants, with handkerchiefs tied over the lower parts of their faces, stopped the car; that these men had three pistols which (Rosen said) "they just kept aiming at me," and said "Hands up"; that none of the three in the car said anything, but Rosen got out and then the men with the guns said to Hunter and Barger to "Drive on," and they drove forward on the

only street by which they could go, until they reached where the road forked, one branch going through the toll gate and across the bridge, and the other turning up the hill, back into New Albany; they drove up this hill and disappeared from Rosen's view, but both Hunter and Barger testified that they drove at once to the police station and reported the robbery to "Nick Seery, the night policeman there," and this evidence was undisputed; as they drove past the end of the bridge the toll gate keeper called to them, thinking they intended to pass through the toll gate, but they turned away, up the hill, and made no answer; they testified that they did not hear him; Hunter and Barger left Rosen behind as they fled, and the three men who had stopped them robbed him of $130 and his watch and chain; two of them held guns pressed against him and the other took the money and watch out of his pockets; the three then ran away, in the direction opposite to that in which Hunter and Barger had driven, and Rosen went up to the toll house, where the toll man notified the police by telephone; that before leaving the gambling house Rosen had counted the money he then had, and showed it to "a few of the boys," who had asked how much he had; but none of the defendants asked about the money; the police arrested Hunter the next morning, and after talking to him arrested Barger and two of the others. And the prosecuting witness also testified as follows: "I do not accuse Hunter and Barger at all. They did not do the robbing. I don't say they are the ones that robbed me. I didn't accuse Hunter and Barger. Said they drove me over. Hunter did not rob me. I don't accuse him at all. I did not see Hunter and Barger talking to any one. Neither Hunter nor Barger got out or took any part in the robbery." And there was no evidence that Hunter or Barger spoke to or in any way communicated with

either of the other defendants that night, nor that they even saw either of them after Rosen came back from his trip to Louisville, or after they knew that he had money or that he would ride home to Louisville with them. There was no evidence other than as above set out that tended to connect Hunter or Barger with the robbery.

This evidence is not sufficient to sustain the verdict of guilty, as against Hunter and Barger. It clearly shows, without dispute, that neither of them

1. robbed the prosecuting witness; and in the absence of any evidence tending to show that they conspired with the robbers, or had or reasonably could have had an understanding with them to meet them on their way to Louisville, or that they in any other way aided in the robbery or procured it to be committed, the mere fact that they were driving the car in which he was riding when the robbery occurred is not enough to support an inference that they participated in it. And merely being present when others committed a robbery did not make them guilty of that crime.

Appellants Willenborg and Wheat complain of the admission of testimony by Mrs. Legate as to the contents of a certain letter, as specified in their mo-

2. tions for a new trial. The record shows that at the time this evidence was introduced the defendants objected on the ground that "the State has not given any notice to anybody to produce the letter," and further shows that the motion for a new trial specified only that the trial court erred in admitting this letter in evidence "for the reason that no notice had been given to produce the letter." But neither by their points and authorities, nor their argument, nor otherwise, do appellants suggest to this court that the ruling was erroneous for any such reason. Their brief counts on reasons wholly foreign to the lack of notice to pro-

duce the letter, and does not even suggest a reason why they deemed notice necessary, where the uncontradicted evidence showed that the letter was destroyed by burning it, and never came into the possession of the defendants or their attorneys. The only objections to the admission of evidence that can successfully be made on appeal are objections that were made in the trial court. *Musser* v. *State* (1901), 157 Ind. 423, 431, 61 N. E. 1; *City of Michigan City* v. *Werner* (1916), 186 Ind. 149, 159, 114 N. E. 636; *Howard* v. *State* (1921), 191 Ind. 232, 242, 243, 131 N. E. 407.

And which were duly presented to that court for review by specifications in the motion for a new trial, that pointed out with reasonable certainty the causes for which a new trial was asked. *Heltonville Mfg. Co.* v. *Fields* (1894), 138 Ind. 58, 66, 36 N. E. 529; *Thrawley* v. *State* (1899), 153 Ind. 375, 382, 55 N. E. 95.

Any discussion of objections to the evidence which were not presented by appellants to the trial court must be disregarded.

The judgment is reversed as to the appellants Louis Hunter and Clarence Barger, with directions to sustain their several motions for a new trial. And it is affirmed as to the appellants Jesse C. Wheat, Lawrence Willenborg and Lewis Armstrong.